## TROY *v.* EVANS.

1. The amount of the judgment below against a defendant in an action for money is *prima facie* the measure of the jurisdiction of this court in his behalf.
2. This *prima facie* case continues until the contrary is shown; and, if jurisdiction is invoked because of the collateral effect a judgment may have in another action, it must appear that the judgment conclusively settles the rights of the parties in a matter actually in dispute, the sum or value of which exceeds $5,000, exclusive of interest and costs.

MOTION to dismiss a writ of error to the Circuit Court of the United States for the Middle District of Alabama.

This is an action commenced Oct. 31, 1872, by Evans, Gardner, & Co., against the Mayor and Councilmen of Troy, a municipal corporation in Alabama.

The declaration alleges that the defendant, on the 19th of February, 1869, pursuant to lawful authority, issued certain town bonds, each for $100, payable to bearer, with interest at eight per cent per annum from said date, in ten annual instalments, after the completion of the Mobile and Girard Railroad to said town, together with the accrued interest; that sixty-three of said bonds are the property of the plaintiffs; that said road was completed to the town of Troy June 9, 1870; and that three annual instalments of ten per cent each, amount-

ing to $30 of the principal, are due and unpaid on each of said bonds, besides interest. The plaintiffs therefore claim $1,890, the amount of the instalments due on said bonds, with interest on said bonds, at eight per cent per annum, from Feb. 19, 1869.

The defendant's plea sets forth that at the commencement of the suit the plaintiffs held the bonds as security for an existing liability or indebtedness of one Jones to them, which was much smaller in amount than the amount of said bonds, and which was neither paid nor extinguished by said bonds, nor by their delivery to the plaintiffs by said Jones; that the plaintiffs obtained said bonds from Jones, before the commencement of the suit, as security for his liability or indebtedness to them, and held the same as such security at the commencement of the suit; and not otherwise; and that, when they so obtained said bonds, they had notice that Jones was a citizen of the State of Alabama, as in fact he then was, and ever since has been.

There was a judgment for the plaintiffs, May 27, 1875, for $3,926.96. The defendant below then sued out this writ of error, which the defendants in error now move to dismiss, on the ground that the amount in controversy is not sufficient to give this court jurisdiction.

*Mr. H. A. Herbert* for the defendants in error, in support of the motion.

*Mr. Samuel F. Rice* and *Mr. Thomas G. Jones, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The writ of error in this case was sued out by the defendants below, upon a judgment rendered May 27, 1875, for $3,926.96. If there were nothing more, it would be clear that we have no jurisdiction. The bonds sued upon, however, were payable in instalments, and amounted in the aggregate to more than $5,000, while the instalments due when the judgment was rendered were less. The plea upon which the case was tried put in issue only the ownership of the bonds and the right of the plaintiffs to bring the suit, the claim being that one Jones, a citizen of Alabama, was the real owner, and that the plaintiffs

held them only as security for a debt which he owed, less in amount than the bonds. The amount of the debt nowhere appears in the pleadings, though it is admitted that the bonds were held as security only.

Conceding all that is claimed in the argument opposing this motion, to wit, that the judgment in this action will be conclusive in another by the present plaintiffs upon the same bonds as to the liability of the defendants upon the bonds to the extent of the debt of Jones, for which they are held, still our jurisdiction cannot be maintained, unless it also appears that this debt exceeds $5,000. *Prima facie*, the judgment against a defendant in an action for money is the measure of our jurisdiction in his behalf. This *prima facie* case continues until the contrary is shown; and, if jurisdiction is invoked because of the collateral effect a judgment may have in another action, it must appear that the judgment conclusively settles the rights of the parties in a matter actually in dispute, the sum or value of which exceeds the required amount. No issue was raised here as to how much was actually due the plaintiffs from Jones, and the testimony is by no means clear upon that subject. Certainly there is nothing in the record which concludes the parties upon that question; and, as it rests upon the plaintiff in error to establish our jurisdiction affirmatively before we can proceed, the writ is

*Dismissed.*