ANDERSON, (DAVIS v.)

[See Davis v. Anderson, Case No. 3,623.]

ANDERSON, (GARDNER v.)

[See Gardner v. Anderson, Case No. 5,220.]

## Case No. 356.

· ANDERSON et al. v. GERDING.

[3 Woods, 487.][1]

Circuit Court, S. D. Georgia. Oct., 1879.

REMOVAL OF CAUSES — JURISDICTIONAL AMOUNT—ESTOPPEL TO RAISE OBJECTIONS—RES JUDICATA.

1. Three suits were brought in a state court by the same plaintiffs, citizens of one state, against

---

[1][Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

the same defendant, a citizen of another state, on three promissory notes of the latter, all given for parts of the same consideration, and each for less than five hundred dollars, and the same defense existed to and was pleaded against all of the notes. *Held*, that a verdict and judgment in one of the suits would constitute an estoppel, and be decisive of the others, and,

2. That, therefore, the matter in dispute, in each one of said suits, exceeded the sum or value of five hundred dollars, and that any one or all of said suits might be removed to the federal court under the act of March 3, 1875.

At law. This was a petition for the writ of certiorari filed by defendant Gerding, under section 7 of the act approved March 3, 1875, entitled "An act to determine the jurisdiction of circuit courts of the United States, and to regulate the removal of causes from state courts, and for other purposes." (18 Stat. 470.) The petition stated, in substance, that Anderson, Starr & Co., a firm all of whose members were citizens of the state of New York, on February 25, 1879, brought against the petitioner Gerding, who was a citizen of the state of Georgia, three several suits in the superior court of the county of Putnam, in the state of Georgia, on three several promissory notes, which purported to have been made by the firm of Gerding &. Co., of which firm the petitioner was the surviving partner, and all payable to the order of the plaintiffs. Two of the notes, on which said suits were founded, were dated May 21, 1878, and were each for the payment of three hundred and nineteen dollars, and the third was dated July 25, 1878, and was for the payment of three hundred and twenty-four dollars. One of the notes fell due November 1, 1878, another December 1, 1878, and the third December 25, 1878.

Before the term of said state court in which said suits, or either of them, could be first tried, Gerding filed in said court his petition for the removal of said three suits to this court. His petition was accompanied by a sufficient bond as required by law. The petition for removal filed in the state court, averred that the amount of money involved in said three suits exceeded, exclusive of costs, the sum of five hundred dollars; that all of said notes were made for the same consideration, and that whatever defenses could or would be made to either of said suits, could and would be made to the others, and that all of said suits involved but one controversy or matter in dispute. This petition, therefore, prayed the state court to consolidate said three suits, if necessary, and for an order of the court directing the removal of said suits to this court. The petition for certiorari further alleged that the state court refused to comply with the prayer of the petition filed therein; refused to consolidate said causes, and refused to make an order for their removal. By an amendment to his petition for certiorari, the petitioner alleged that at the September term, 1879, of the state, the petitioner amended his petition for the removal of said causes, and alleged that he had filed the same identical pleas and none other to each of said suits, and, therefore, there was but one controversy embraced in the three suits. The petition for certiorari further alleged that the state court, notwithstanding said amendment, and the offer by the petitioner of a new bond, still refused to make the order for the removal of said causes to this court. The petition and amended petition prayed for the writ of certiorari directed to the state court, commanding it to make a return of the record in said causes. The plaintiff, in the original action, did not deny any of the facts alleged in the petition for removal, but he resisted the removal of the suits on the ground that in neither one of said suits did the sum sued for exceed the value of five hundred dollars, exclusive of costs.

Clifford Anderson, W. A. Reid, and W. B. Wingfield, for petitioner.

George S. Thomas and W. F. Jenkins, contra.

WOODS, Circuit Judge. The state court refused to consolidate the three causes brought against the defendant Gerding. The motion made for that purpose was addressed to the sound discretion of that court: Lewis v. Daniel, 45 Ga. 124. The action of the state court on the motion cannot, therefore, be reviewed by this court. The petition for certiorari is, therefore, to be considered just as if the motion to consolidate had not been made, and the question is, are the causes, or either of them, removable under the act of March 3, 1875. The plaintiffs and the defendant are citizens of different states. The question then is, does each one of these suits involve a controversy where the matter in dispute exceeds the sum of five hundred dollars.

In the case of Troy v. Evans, 97 U. S. 1, the supreme court held that, "prima facie the judgment against the defendant, in an action for money, is the measure of the jurisdiction of the United States courts in his behalf. This prima facie case continues until the contrary is shown, and if jurisdiction is invoked because of the collateral effect a judgment may have in another action, it must appear that the judgment conclusively settles the rights of the parties in a matter actually in dispute, the sum or value of which exceeds the required amount." From this statement of the law, it follows that, as the matter in dispute in neither of these suits exceeds the sum or value of five hundred dollars the cases cannot be removed, unless a judgment in one of the cases would conclusively settle the others. If the judgment in one does conclusively settle the controversy in the others, then the matter in dispute, in

either of the suits, may be said to exceed the sum of five hundred dollars.

The petition for removal alleged that the three notes sued on were given for the same consideration; that the defense to all three of the notes was the same, and that the three suits involved but one controversy. It further appears, from the record, that the identical same pleas were filed by the defendant in each of the three suits—one of these pleas being nil debet. The question is, therefore, will a judgment in one of these suits be conclusive in the others. If it will, the amount in dispute will be sufficient to give this court jurisdiction, and authorize the removal of the cases, if otherwise, the cases cannot be removed. The rule of law upon this point is thus laid down by the supreme court in the case of Cromwell v. County of Sac, 94 U. S. 351: "Where the second action between the same parties is upon a different claim or demand, the judgment in a prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising upon a suit in a different cause of action, the inquiry must always be as to the point or questions actually litigated and determined in the original action, not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action." So in Stinson v. Dousman, 20 How. [61 U. S.] 461, it was held that though the suit be for less than the amount necessary to give the court jurisdiction, yet if it is connected with a claim to property, and the effect of the judgment would adjust the legal and equitable claims of the parties thereto, and the value of the property exceeds two thousand dollars, jurisdiction will be maintained. See, also, Rake v. Pope, 7 Ala. 161.

Applying the rule thus laid down, if it appears that the same identical defense is made in each of the cases, that the same questions are in issue in each, then a judgment in one case will be a bar to a judgment in the others, consequently the amount in dispute in each case is not the sum sued for in that particular case, but that sum and also the sums sued for in the other cases. For one trial and judgment would decide all the cases. The petition for certiorari avers, and the averment is not denied, that this state of facts does exist, that there is the same defense as to all the notes, and that the three suits involve but one controversy. In each of these suits, therefore, the amount sued for in all these suits is in dispute, and that amount exceeds five hundred dollars. This court, therefore, has jurisdiction over any one of the suits, and there is no reason why any one or all should not be removed. Let the writ of certiorari issue as prayed for.