## The Missouri Pacific Railway Company v. W. L. Scammon.

Stock-Killing Law—*Two Causes of Action—Judgment, not a Bar.* A mare and colt, belonging to the same person, entered upon a railroad track at the same time and place, and, both running before a train, the colt was first struck and killed, and then the mare was struck and injured, at a point thirty rods from where the colt was struck. An action was brought by the owner against the railroad company for the value of the colt, and a judgment was recovered for its value, reasonable attorney's fees, and costs; and this judgment was paid by the railroad company. The mare subsequently died from the injuries received, and an action was brought for the value of the mare, and the satisfaction of the judgment for the value of the colt was pleaded in bar of the second action. *Held,* That they were separate and independent causes of action, and that the first judgment and satisfaction did not bar a recovery in the second action.

*Error from Cherokee District Court.*

THE opinion states the case.

*David Kelso,* and *R. T. Holloway,* for plaintiff in error.

*W. R. Cowley,* for defendant in error.

Opinion by SIMPSON, C.: This suit was instituted by Scammon against the railroad company, to recover for the death of one bay mare, alleged to be of the value of one hundred and twenty-five dollars, killed by the railroad company in the operation of its trains under such circumstances as to render the company liable, and fifty dollars, a reasonable attorney's fee, if the following statement is not a good defense to the action. The railroad company claims, that at the same time, and in the same manner, and at the same place, a colt of this mare was killed. An action was brought for its value, and the reasonable attorney's fees; that a judgment was rendered in favor of Scammon for the value of the colt, the attorney's fees and costs, and paid by the company, and that this judgment is a bar to this action. The case was submitted

to the court for trial on the following agreed statement of facts:

"1. Defendant admits the facts stated in plaintiff's petition.

"2. At the January term of this court, the plaintiff recovered a judgment against the defendant for the value of a colt killed on defendant's railway, attorney's fees and costs as alleged in defendant's answer, which judgment has been paid in full by the defendant, and has never been reversed or modified.

"3. On the 17th day of September, 1886, said colt and the mare in the petition herein mentioned entered upon the defendant's railway at the same time and place, and, both running before the train, the colt was first struck and killed, and then the mare was struck and injured at a point about thirty rods from where the colt was struck.

"4. At the time the suit was brought for the killing of the colt, the mare was still alive, and it was not known to the plaintiff whether the said mare would recover from said injury or not.

"5. Subject to the objection that the fact is not admissible under the pleadings in this case, defendant admits that defendant's agent agreed with the said plaintiff that if the mare recovered he was to put in no claim for damages, but if the mare did not recover from said injury, then the defendant was to pay the value of the said mare; which agreement was made by an agent duly authorized by the defendant to make such an agreement. If the court should hold that evidence of said agreement is not admissible under the pleadings in this case, it is not to be considered.

"6. The value of said mare was one hundred and twenty-five dollars, and fifty dollars is a reasonable attorney's fee for the prosecution of this action.

"7. The admissions herein contained are made for the purposes of this trial only.

"8. The plaintiff to be at liberty to file amended pleadings, in which case this agreed statement of facts shall be void, and this action continued for the term."

The court below overruled the defense pleaded in bar, and rendered juddment for Scammon for the value of the mare, the attorney's fees, and costs of the action. The railroad com-

pany saved all necessary exceptions, and brings the case here for review.

The only question discussed by counsel, is as to whether the first judgment was a bar to this action. The theory of the plaintiff in error is, that there was but one cause of action, and hence that there could be but one recovery; that all acts of the same nature, performed at the same time, are regarded as one act in law, and cannot be made the subject of several and successive actions; that the payment of the first judgment satisfied the tort, and that there could be no further recovery. It is a familiar rule of law, that there can be but one satisfaction for a. tort, trespass, or trover. When two horses are killed by the cars of a railroad company at the same time, or when different chattels are taken by one trespass, or converted by one person at the same time, but one recovery can be had. This rule applies in all such cases where the tort, trespass, or conversion, consists of one entire and undivided act.

It is insisted that the rule applies to the state of. facts agreed upon by the parties to this action. These facts are, that the mare and colt entered upon the railroad track at the same time and place, and both running before the train. The colt was first struck and killed, and then the mare was struck and injured at a point thirty rods from where the colt was struck. There was a difference of time and locality, and these make and constitute separate and distinct causes of action. The fact that the mare and colt entered upon the track at the same place, and at the same time, is no more controlling than if they were of the same color, or size; and these similarities are not the test. The determination of this question rests in the action of the railroad employés. Was the killing of the colt, and the injury of the mare, one and the same act? Or was the act of the plaintiff in error a continuing act? These and like considerations must control. The train was in motion, the mare and colt running along the track in front of it, the colt is struck and killed, the train runs on, and at a distance of thirty rods, or about five hundred feet, strikes the mare and causes such injuries that the mare subsequently dies. It must

be conceded that these acts are separate and independent. As causes of action, they are necessarily composed of different elements. The mere statement of these facts, without explanation, naturally produces the conviction that, while the killing of the colt mlght have been prevented by the prompt exercise of ordinary care and caution, the injuries to the mare must have been the result of gross negligence on the part of those operating the train. As causes of action, they would probably require different pleadings, and would certainly have to be proved by distinct evidence.

We think that by the agreed statement of facts upon which the case was submitted for trial to the court below, the judgment was right, and we recommend its affirmance.

By the Court: It is so ordered.

All the Justices concurring.