PAYNE, *Agent v.* MOORE *et al.*

[89 South. 225,  No. 21896.]

1. ACTION. *Separate suits for death of two persons maintainable.*
   Under chapter 214, Laws of 1914 (section 501, Hemingway's Code, Lord Campbell's Act), when two persons are killed because of the same negligent act of the defendant, and the cause of action for each death inures to the same parties, the plaintiffs may sue for both deaths in one suit, or they may bring separate suits for each death.

2. DEATH. *Basis of action stated.*
   Each cause of action is founded upon the right of the injured party to maintain it if death had not ensued.

APPEAL from circuit court of Lauderdale county.
HON. J. D. FATHEREE, Judge.

Action by Martha Moore and others against John Barton Payne, Agent.  Judgment for plaintiffs, and defendant appeals.  Affirmed.

*A. S. Bozeman* and *B. F. Cameron,* for appellants.

This is a suit by Martha Moore and her two minor children for the wrongful death of Judge Moore, husband and father.  Among other pleas, the defendants severally pleaded that the plaintiffs had heretofore impleaded the defendants in the court below on a plea of trespass on the case for the same cause of action, and had therein recovered judgment against the defendants in the sum of seven thousand five hundred dollars, which still remained in force and that therefore this action ought not to be maintained.

The plaintiff's reply that the prior suit was a separate and distinct cause of action, in this that the defendants carelessly drove an engine against an automobile in which Judge Moore, Sr., and Judge Moore, Jr., were riding, and killed both said Judge Moore, Sr., and Judge Moore, Jr.,

that the prior suit was for the killing of Judge Moore, Jr., a minor of tender years, who was not chargeable with contributory negligence; and that this suit was brought for the wrongful killing of Judge Moore, Sr., and that the law governing the case at bar was materially different from that which governed the prior suit, in that if Judge Moore, Sr., was guilty of contributory negligence, damages for his death might be diminished thereby; that in the prior suit, plaintiffs sued as heirs at law of Judge Moore, Jr., and in the case at bar they sued as the heirs at law of Judge Moore, Sr.; that the defenses in the prior suit were materially different from the defenses in the case at bar, and therefore, the cases could not have been consolidated, but were separate and distinct causes of action.

Defendants demurred to this replication upon the ground that the replication failed to state facts which constituted any sufficient reply in law or fact to said special plea.

The court overruled this demurrer, and the defendants excepted.

We submit that the court erred in overruling this demurrer, and that this was reversible error. We rely upon the cases of *Y. & M. V. R. R. Co.* v. *Payne,* 92 Miss. 126, 45 So. 705; *Kimball* v. *L. & N. R. R. Co.,* 94 Miss. 396, 48 So. 230; *Home Insurance Co.* v. *Tate,* 117 Miss. 760, 78 So. 712. The replication shows that a father and son were killed in the same accident, and under identically the same circumstances. It admits that the parties were the same in both actions, both plaintiffs and defendants.

It alleges, however, that the cause of action which accrued to plaintiffs for the death of the father is distinct and separate from the cause of action which accrued to plaintiffs at the same time for the death of the son, because the defense of contributory negligence would apply in the suit for the death of the father and would not apply in the suit for the death of the son, and because in one case they sued as heirs at law of the father, and in the other as heirs at law of the son. We submit that this does not set up any

facts which would give the plaintiff two separate causes of action growing out of this one accident.

If two children had been killed in the same accident then certainly the reasoning in the *Payne case, supra,* would apply. In the Kimball case, the court said that an injury inflicted upon the plaintiff's person by a running train and damages done to his property in the same accident, constituted but one cause of action, and could not be split in two. The mere fact that the *prima-facie* statute applied to the personal injury and did not apply to the property damage, made no difference.

The testimony necessary to establish the various items alleged and the defenses that may be interposed to the several items are all matters to be controlled by the instructions of the court in the one case; and the mere fact that a defense may be applied to one item which does not apply to the other, cannot make two causes of action out of one, and cannot justify the splitting of one cause of action.

As this honorable court said in the Home Insurance Co. *case, supra,* speaking through Judge SYKESS "He (a plaintiff) must also in one suit claim all the damages he has sustained because for one cause of action, but one suit is given the plaintiff to be tried upon its merits.

The court can well see in this case the great injustice that will result to defendants if plaintiffs are permitted to split their cause of action for the two deaths; because in each separate suit the plaintiffs would necessarily get the benefit of both deaths, notwithstanding any instructions of the court to the contrary. Damages for the death of father would necessarily be exaggerated by the fact that the son also was killed in the same accident, and the like result would follow in the action for death of son.

By the death in the one accident of father and son, a right of action at once accrued to all three plaintiffs for both deaths and under the statute the damages for both deaths are distributed equally to all three plaintiffs. The mere fact that the jury might in the one suit, award less damages for the death of father by reason of his contributory negli-

gence, than for the death of son, cannot make two cases of action out of this one.

*Marion W. Reily* and *M. B. Miller,* for appellees.

The first contention of the appellant is that this case should be reversed because of the action of the trial court in overruling the demurrer of the appellant to appellee's replication to defendant's special plea of *res adjudicata.* in overruling the demurrer of the appellant to appellee's filed suit against the appellants, in another case for the wrongful killing of a child of one of the appellees, and brother of the others. It will be remembered that at the time that Judge Moore, Senior, for whose death suit was brought, was killed, that there was also killed a child of Judge Moore, Sr., who was a son of one of the appellants and a brother of the others, and that suit was filed in the circuit court of Lauderdale county and judgment recovered for the wrongful killing of said child, a minor of eight years of age.

The action of the trial court involves the following question : "Can it now be contended by the appellant that the trial court committed reversible error in refusing to consolidate the case filed by the appellants for the death of the father, and the case filed by the appellants for the death of the child in the circuit court of Lauderdale county, Mississippi?"

It is uniformly held that before the consolidation of cases can be permitted that the defendants must be the same, the plaintiffs must be the same, the property involved must be the same, the defense must be the same, and the cause of action must be the same.

In 1 corpus Juris, page 1124, we find the following announcement of the law : "A consolidation of actions at law are that the different actions shall be pending in the same court at the same time between the same parties, and involving substantially the same subject-matter, issues and

defenses." A mere announcement of the above rule answers the contention of the appellants.

In order that the court may fully understand the conditions which confronted the trial court when this motion was made, we beg to remind the court that it was the contention of the appellants upon the trial of the case, wherein suit was brought for the death of the child: First, that the appellants were guilty of no negligence which contributed to the injury. Second, that the child himself was responsible for his death, because of the fact that he negligently rode' in an automobile, in front of a moving train, when he understood and appreciated the danger and could have avoided being injured, had he exercised reasonable caution. Third, the death of the child was caused entirely by the negligence of the father, who drove the car upon the track.

In addition to the above contention of the appellant's, plea was filed setting up the facts that the father of the child drove the car upon the track, and in doing so he was guilty of negligence, and that the child was chargeable with the negligence of his father, and in any event, the damages which the appellees would be otherwise entitled to recover must be diminished because of the negligence of the father.

At the same time, the contentions of the appellants in the case at bar were as follows: First, that the appellants were guilty of no negligence which proximately contributed to the death of the appellee's decedent. Second, that the appellee's decedent knowingly drove an automobile in front of an approaching train, and thereby brought death upon himself, and that the action of the appellee's decedent in doing this was the sole and proximate cause of the injury. Third, that in any event, the damages which the appellees would be otherwise entitled to recover must be diminished because of the negligence of the appellee's decedent, even though the jury might believe that the appellant might be guilty of negligence, which proximately contributed to the injury and which fixed liability upon them in some extent at least.

With these lights before the trial court, could the trial court affirmatively say: First, that the cases were pending in the same court, and between the same parties, and involving substantially the same subject-matter, and involving the same issues and the same defenses? The two cases were between the same parties, and in the same court but each involved different subject-matter and different issues, and the defenses in the different cases were materially different.

In the first suit, the one based upon the wrongful action of the appellants in killing the child, it was contended that the death of the child was caused by the negligence of the child, and also by the negligence of the father, which was imputed to the child.

In the second suit, it was contended that the death of the father was due, not to the negligence of the child, but to the negligence of the father, while under the law, as later announced by this court, in the first case no dimunition of damages was warranted because of the negligence of the father. See *Walker D. Hines, Director General, v. Martha Moore, et al.,* 87 So. 1, while in the second case, (the case at bar), the trial court properly informed the jury that if they believed from the evidence that appellees decedent was guilty of negligence, which proximately contributed to his injury, that the jury should diminish the damages which they would otherwise award to the appellees.

So it is, in our judgment, a waste of time to argue the question as to whether or not the issues in these two law suits were the same, or that the defenses were the same, or that the subject-matter was the same. It can be readily seen that the subject-matter in the first suit was the right of action for the death of the child of one of the appellants, and the brother of the other appellants. In that case, one of the appellees was entitled to recover for the services of the child until it obtained its majority. There was no such item of recovery in the second case.

In the second case the children of the father were entitled to recover for the losses sustained by them because of the fact that they were deprived of his advice, counsel and association, while no such item of recovery was afforded to any appellee in the first case.

We respectfully submit that the subject-matter in the two cases was entirely different, that the issues were entirely different, and that the defenses were entirely different. It would be expecting a trial judge to look into the future further than human eye could see, and tell the wonders of the world and the things that were to be, to expect that he should, at the time that this motion was made, be able to affirmatively say that there was such an identity of issues, subject-matter and defenses as would have warranted a consolidation of these two cases.

In view of the facts now made plain by the court records, we now know that for him to have done this would have been a mistake, and would have brought about a confusion of issues which must of necessity have been detrimental to the interest of the appellees.

We further remind the court that the question of the consolidation of these cases was within the discretion of the trial court, and this court is not now called upon to say whether or not this court would have acted otherwise than did the trial court, but this court is requested to say that the trial court so abused the discretion invested in that court as to warrant a reversal of this case. Counsel on page 11 of the brief says that we rely upon the case of *Y. & M. V. Railroad* v. *Payne,* 92 Miss. 126, 45 So. 705; *Kimball* v. *L. & N. Railroad Company,* 94 Miss. 396, 48 So. 230; *Home Insurance Company* v. *Tate,* 117 Miss, 760, 78 So. 712.

Counsel nowhere cites the case in which two persons were injured at the same time, by the same cause and where the court held in the trial of one of the cases above, growing out of such accident that a judgment in one case is *res adjudicata* as to the other. The case of *South Railway* v. *King,* 160 Fed. Reporter 335, settles this point.

The cases cited by counsel only hold that the parties are not permitted to split their causes of action, and we contend that they are not authority on the point under discussion now, because we believe that the court is bound to conclude that in the case at bar, for the reason hereinbefore set out there has been no splitting of cause of action, but they are two separate and distinct causes of action, growing out of the death of the father and of the son.

SYKES, J., delivered the opinion of the court.

The appellees, Martha Moore and her two minor children, sued and recovered judgment against the appellant for five thousand dollars for the negligent killing of Judge Moore, Sr., husband and father of the appellants, who, while driving in an automobile across Forty-ninth avenue in the city of Meridian, his automobile was struck, and the driver, Judge Moore, Sr., was instantly killed, while his son, Judge Moore, Jr., sustained fatal injuries from which he died a few hours thereafter. A separate suit was instituted by these same plaintiffs against the same defendant for the killing of Judge Moore, Jr., which case was tried before the instant one.

The material testimony in this case is similar to that in the suit for the killing of the boy, and will be found set out in that case, which is reported in 87 So. 1.

There are numerous assignments of error presented in this record, all of which have received the careful consideration of the court, and none of which constitutes reversible error. We deem it unnecessary to discuss but one of these assignments in this opinion.

To the declaration the defendant pleaded the general issue and a special plea to the effect that this suit should not be maintained because these plaintiffs had heretofore sued the defendant for this same cause of action and had recovered a judgment in the circuit court in that case for the sum of seven thousand five hundred dollars. This plea refers to the previous suit instituted for the death of the son. This

was a plea of *res adjudicata.* There was a replication to this plea which admitted the recovery in the suit for the death of Judge Moore, Jr., and alleged in substance a separate cause of action under the statute, and that they were separate and different defenses to each cause of action. A demurrer was interposed and overruled to this plea.

The narrow question presented to this court by this appeal is whether or not when two persons are killed because of the same negligent act of a defendant and the cause of action for the death of each inures to the same parties under chapter 214, Laws of 1914 (section 501, Hemingway's Code, Lord Campbell's Act), it is obligatory upon these parties to include in one suit the two death claims; in other words, whether or not but one suit may be maintained for the two deaths. In the case of *Hines* v. *McCullers,* 121 Miss. 666, 83 So. 734, there was but one suit by the husband for the death of Mrs. McCullers and her child. In that case the defendant railroad company pleaded a misjoinder of causes of action, in which case we held that:

"Causes of action in favor of the same plaintiff and against the same defendant, of the same nature, and subject to the same character of defense and judgment may be joined in one declaration, even though the pleas thereto may be different"—citing authorities.

By this decision where these rights and interests concur the plaintiffs may maintain one cause of action for the two deaths. It was not there held, and the court did not intend to hold, that it is obligatory upon the plaintiffs to maintain but one suit for two deaths, but that it was optional with them.

Lord Campbell's Act (Laws of 1914, chapter 214; section 501, Hemingway's Code) expressly gives a cause of action for a wrongful death to certain parties named therein. This cause of action is founded upon the right of the injured party to maintain it if death had not ensued. In this case, if Judge Moore, Jr., and Judge Moore, Sr., had only been injured, each would have had a separate cause of action. The right of the plaintiffs in each one of these cases

to maintain these suits is a derivative right derived through each of the decedents. By this statute they are made separate causes of action. They are not mere separate items of damages arising through one cause of action as in the cases of *Railroad Co.* v. *Payne,* 92 Miss. 126, 45 So. 705, *Kimball* v. *Railroad Co.,* 94 Miss 396, 48 So. 230, and *Insurance Co.* v. *Tate,* 117 Miss. 760, 78 So. 709, the authorities relied upon by the appellant. In those cases the plaintiffs by the one tortious act individually sustained the damages one item of personal injuries and one of property damage. Before the tortious act the plaintiff owned the personal property damaged, and the court in these cases held that the personal injuries and damages to property were merely separate items of damages caused by one tortious act and for which only one suit could be maintained. Likewise the same principle was applied in the *Insurance Co. Case, supra.*

This act, however, expressly provides that "there shall be but one suit for the same death, which shall inure for the benefit of all parties concerned." By this act for each death a separate cause of action is given. When two or more persons are killed because of the same tortious act, and the causes of action for each of them are vested in the same parties, these parties may, at their option, bring one suit for all of these deaths, as is held in the McCullers Case; but they have a right, if they so desire, to bring a separate suit for each death.

It follows that the lower court was correct in overruling the demurrer of the defendant to plaintiff's replication. The judgment of the circuit court is affirmed.

*Affirmed.*