## WALTMAN v. UNION CENTRAL LIFE INS. CO. (four cases).

District Court, N. D. Texas, Wichita Falls Division. April 9, 1928.

Nos. 426–429.

1. **Removal of causes** ⊜⟶74—**Suits between same parties on $2,000 and $3,000 insurance policies could not be removed, since jurisdiction is determined by amount involved in particular case.**

Two separate suits on $3,000 and $2,000 insurance policies between the same parties, instituted in state court, could not be removed to federal court on theory that the two suits aggregated $5,000, and that cause of action arose on alleged fact that insured disappeared more than seven years before and was presumed to be dead, and that affirmative finding in harmony with that theory in one suit would be res judicata in second, since, when jurisdiction depends on amount in controversy, it is determined by amount involved in particular case, and indirect losses and effect of decrees on other controversies may not be used to augment value or amount of thing in dispute.

2. **Removal of causes** ⊜⟶74—**Joinder of causes of action cannot be compelled by defendant to make cause removable.**

Joinder of causes of action is voluntary act, and cannot be compelled by defendant in order to make amount involved large enough to make removable cause, but plaintiff may, at his option, sue in aggregate or upon each separate cause.

3. **Courts** ⊜⟶491—**Suitor should have right to choose forum, and, if in doing so he makes use of legal rights, he cannot be said to have fraudulently invoked jurisdiction.**

A suitor should have right to choose his forum, and, if in so doing he makes use of his legal rights, he may not be said to have fraudulently invoked jurisdiction.

Two suits by William Barnard Waltman, Jr., by his next friend, W. M. Waltman, against the Union Central Life Insurance Company, and two suits by Bessie Louise Waltman, by next friend, W. M. Waltman, against the Union Central Life Insurance Company, which were instituted in the state court and removed to federal court. On motion to remand. Motion granted.

Kay, Akin & Smedley, of Wichita Falls, Tex., for the motion.

A. S. Johnson and Locke & Locke, all of Dallas, Tex., opposed.

ATWELL, District Judge. Four suits brought in the state court were removed to this court. There is the same plaintiff in two of the cases, and the same plaintiff in the other two, with the same defendant in all. Each is upon an insurance policy. Two are for $3,000 each, and two are for $2,000 each. Each plaintiff declares upon a three and a two thousand dollar policy.

The defendant insurance company removed on the theory that the two suits aggregated $5,000, and seeks to support its theory by showing that the cause of action in each of the four suits arises upon the alleged fact that the insured disappeared more than seven years ago, and is therefore presumed to be dead, and that an affirmative finding in harmony with that theory on one of the suits would be res judicata in the second.

It therefore claims that the amount involved is in excess of $3,000 because the force of the first judgment would be used to secure the judgment in the $2,000 suit. This exact contention applies to each of the plaintiffs.

There are two United States court cases upon the identical question. One is against the motion, and the other supports it. Holmes & Co. v. U. S. Fire Ins. Co. (C. C. A.) 142 F. 863; Anderson v. Gerding, 3 Woods, 487, 1 Fed. Cas. No. 356,840.

In the first cause it was held that the plaintiff does not act fraudulently when he takes advantage of his legal right to bring two suits instead of one, and that the amount in controversy is the amount that the plaintiff will win, or that the defendant will lose upon the completion of the suit.

The second case holds that, when the same plaintiff files three suits on three separate promissory notes against the same defendant, who files the same defense against each note, the causes may be removed to the United States court if the aggregate of the three recoveries sought are in excess of that court's jurisdiction. The theory is that the judgment in one of the cases conclusively settles the controversy in the others, and therefore the matter in dispute is greater than that evidenced by the face of the note sued upon.

The court cites the case of Troy v. Evans, 97 U. S. 1, 24 L. Ed. 941, in support of the reasoning. Elgin v. Marshall, 106 U. S. 578, 1 S. Ct. 484, 27 L. Ed. 249, refers to Troy v. Evans, and holds that the language of the opinion which is relied upon in Anderson v. Gerding was dictum.

[1] The collateral effect of a judgment secured in one case is quite often valuable in pending or threatened litigation, but it would be speculative and highly unsatisfactory to allow such value to fix jurisdiction. As said in New England Mortgage Co. v. Gay, 145 U. S. 123, 12 S. Ct. 815, 36 L. Ed. 646:

"It is well settled in this court that, when our jurisdiction depends upon the amount in controversy, it is determined by the amount involved in the particular case, and not by any contingent loss either one of the parties may sustain by the probative effect of the judgment, however certain it may be that such loss will occur."

Indirect losses and the effect of decrees upon other controversies may not be used to augment the amount or value of the thing in dispute. See, also, Elliott v. Empire Natural Gas Co. (C. C. A.) 4 F.(2d) 493; Dobie, Federal Jurisdiction, § 58, p. 150.

[2] Thoughtfully one also compares the proposition that a plaintiff may sue one or more defendants for a joint tort liability. C. & O. Railroad Co. v. Dixon, 179 U. S. 131, 21 S. Ct. 67, 45 L. Ed. 121; Wisconsin Central Railroad Co. v. Phœnix Ins. Co. (C. C. A.) 123 F. 989; Hay v. May Department Store, 271 U. S. 318, 46 S. Ct. 498, 70 L. Ed. 965; Ferguson v. Culton, 8 Tex. 283; Rau v. American National Life Ins. Co. (Tex. Civ. App.) 154 S. W. 645; T. & P. Railroad Co. v. Cushny (Tex. Civ. App.) 64 S. W. 795; St. Louis & S. F. Ry. Co. v. Oxford (Ark.) 298 S. W. 207; Payne v. Moore, 126 Miss. 693, 89 So. 225.

Joinder is a voluntary act and cannot be compelled by the defendant. The plaintiff at his option may sue in the aggregate or upon each separate cause.

[3] The rule of res judicata, alive and settling subsequent litigation—

Southern Pac. v. U. S., 168 U. S. 1, 18 S. Ct. 18, 42 L. Ed. 355, does not interfere with the reason for the accuracy of the amount in controversy and the litigant's liberty.

The case of Mutual Life Insurance Co. v. Rose (D. C.) 294 F. 122, and the case of Sovereign Camp v. O'Neill, 266 U. S. 292, 45 S. Ct. 49, 69 L. Ed. 293, are hardly in point. The first was an original suit in the national court to cancel two policies, and their aggregate was taken as the amount in controversy. In the last case the Supreme Court allowed an aggregate of the claims involved to fix jurisdiction because the cause of action alleged a conspiracy to make an aggregate collection through a large number of suits.

The suitor should have the right to choose his forum, and, if in doing so he makes use

of his legal rights, he may not be said to have fraudulently invoked jurisdiction.

Motion to remand is granted, and all of the cases will be remanded to the state court.