## Strader v. Strader.

(Decided March 4, 1915.)

Appeal from Fayette Circuit Court.

New ·Trial—Facts Authorizing.—Where a judgment goes by default, and in due time afterwards a good answer is tendered by the defendant, accompanied by affidavits showing good reasons why the answer had not been filed in time, the court should set aside the judgment and permit the answer to be filed.

R. S. CRAWFORD for appellant.

J. P. JOHNSON for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

On January 21, 1914, W. P. Strader filed his petition in the Fayette Circuit Court against the appellants, Cafe Royal, a corporation, and Stewart W. Strader, seeking to recover a judgment against them upon two notes for $175 each. The summons that issued on this petition was executed on the defendants on January 21, 1914.

On February 10, 1914, the defendants filed an insufficient special demurrer to the petition.

On April 21, 1914, an order was entered in the case reciting that "the case having been submitted upon the plaintiff's motion for judgment for failure to answer, and upon the defendants' special demurrer filed in the clerk's office on February 10, 1914, it is adjudged that the special demurrer be permitted to be filed, and the same is overruled, to which ruling the defendants except; and thereupon it was adjudged that the special demurrer was not filed within the time allowed by law, and

the defendants having failed to answer the plaintiff should recover of them the amount of the notes sued on.''

On February 24, 1914, the defendants offered an answer and counter-claim, setting up that the notes sued on were executed and delivered without consideration. That their execution and delivery was procured by fraud, misrepresentation and covin. That Andrew Campbell had a suit pending in the Fayette Circuit Court to enforce collection of the notes, which he claimed to be the owner of, and said action was still pending and undetermined. That the plaintiff, W. P. Strader, in said action of Campbell, testified that he had transferred the notes to Campbell in consideration of an indebtedness that he owed him, and that Campbell was the owner of the notes and he, Strader, had no further interest in them. Wherefore, the defendants prayed to be dismissed, with their costs.

Accompanying this answer and counter-claim there was filed the affidavits of Stewart W. Strader, who was also the president of the Cafe Royal corporation, and R. S. Crawford, his attorney, setting out that on account of the sickness and absence from the city of Crawford, the answer tendered on February 24, 1914, was not filed earlier or in time under the rules of the court.

Upon the filing of these affidavits the appellee filed several affidavits setting out, in substance, that Crawford was neither absent from the city nor sick.

After this the court refused to set aside the judgment by default, and the defendant appeals.

The answer presented a good defense to the suit on the notes, and, under the circumstances, we think the court erred in not setting aside the judgment and permitting it to be filed.

Wherefore, the judgment is reversed, with directions to set aside the judgment and permit the answer to be filed.