## Prudential Insurance Co. of America v. Hampton.

(Decided Nov. 3, 1933.)

(Rehearing Denied Jan. 12, 1934.)

LOW & BRYANT and CRAFT & STANFILL for appellant.

ROY HELM and S. M. WARD for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

Walter Hampton, a colored man living in Hazard, entered the employment of the Louisville & Nashville Railroad Company in October, 1929. In April, 1930, following, he elected to accept the benefits of a group policy of insurance No. 1788 which his employer railroad company had previously secured from the appellant, Prudential Insurance Company of America, where-

by the latter insured such of the railroad company's employees as chose to avail themselves of the group policy, and was thereupon given a certificate No. 71550, showing appellee's insurance thereunder according to the terms and provisions of the policy. There appears in the record the stipulation of the parties that this group policy was in effect at all times here involved.

This policy by its provisions insured the employees accepting it against death, accident, and disability. As to the latter, it provided that if any person insured under the policy should become totally and permanently disabled, either physically or mentally, to the extent of rendering him wholly and permanently unable to engage in any occupation or to perform any work for compensation of financial value during the remainder of his lifetime, and if such should occur after the payment of the first premium and while the policy was in effect and when the insured was less than sixty years of age, the company would during the successive renewal periods waive the payment of the premiums of such disabled person becoming due after receipt by the company of proof of such disability, and would pay to said person the amount insured in twenty-four monthly installments during two years, the first of which was to be paid him upon the company's receipt of due proof of such disability, any insurance remaining at the death of the said person to be paid to his beneficiary. Also, it was provided that notwithstanding the acceptance by the company of this proof of total and permanent disability, the insured, upon demand of the company from time to time, for the purpose of verifying that such disability was permanent and not temporary, should furnish due proof that he actually continued in the state of such disability, and upon his failure to furnish such proof, no further proportional parts of the premiums becoming due on the policy would be waived nor further monthly installments paid on account of such disability.

In April, 1931, it appears that the insured suffered an attack of pneumonia fever, during which he was treated by Dr. Combs, a colored physician of Hazard, Ky., and also that he, during the late stages of his illness, went to Louisville to the hospital maintained by the Veterans' Bureau for a day or two for a diagnosis of his condition and also to make application for compensation therefor. It appears he was there examined

and a diagnosis of his condition made, but that compensation was denied him, as counsel states, because of his not having been regularly inducted into the service.

Hampton having failed to recover from this illness, it appears that he furnished the appellant company proof of his then claimed total and permanent disability, which was supported by the statement of Dr. Sumner that such was his condition, due to his sickness having developed into tuberculosis. No disability insurance, however, was paid by the appellant company after its receipt of this proof of disability nor after its receipt of additional proof of his continuing state of total and permanent disability, which was furnished the company at its request therefor in September, 1931. This later proof was given by the statement of the three doctors, F. W. Caudill, Carlow B. Combs, and A. M. Gross, all stating that his condition continued to be one of total and permanent disability and that the time of any recovery therefrom was "indefinite" and that in their opinion "he was so disabled that he would for all time be prevented from engaging in any gainful work."

It also appears that the appellee was in June, 1931, due to his continuing disability, given a leave of absence by his employer for a six months' period and the same extended at its termination for a further month.

It further appears that the appellant company, being advised that the Veterans' Bureau had a record of the insured's physical condition and disability, based upon its examination made of him during the prior June while at the hospital, requested that the bureau furnish it with the report. The bureau expressed its willingness to do so, but stated it could only be done with the consent of the insured. The company then asked the insured to furnish or consent to the bureau's furnishing this additional report bearing upon his disability, which the insured declined to do.

The appellant company continuing its refusal to pay the insured any disability insurance, which he claimed was due him under the provisions of the policy, in December, 1931, he filed suit against it, wherein by his petition he set out the facts of his employment, his election and acceptance of the benefits of the group policy issued his employer by the appellant, his subse-

quent sickness and resulting total and permanent disability, his proof thereof given the appellant, and appellant's refusal to pay the insurance due, and prayed that he be adjudged the amount of $1,000, payable in twenty-four monthly installments in accordance with the provisions of his contract of insurance with the appellant.

The appellant, defendant below, demurred to the petition and, the same being overruled, excepted and filed its answer, by which it traversed the material allegations of the petition, and by further paragraphs set up the clause of the policy contract sued on, providing that the insured, when so requested by the company, should from time to time furnish additional proof of permanent and total disability, and that should the insured fail to furnish such proof, no further monthly installments would be paid and no part of the premiums due would be waived, and alleged that such demand had been made of insured for additional proof before the filing of his petition but that he had refused to supply the same. Further it alleged that the original proof of total and permanent disability furnished was unsatisfactory and, that the appellee, plaintiff below, had in his possession a statement of the physicians of the hospital of the United States Veterans' Bureau at Louisville where he had been treated which the insured refused to furnish, and copy of which the bureau refused to furnish unless plaintiff gave his consent thereto, which he had refused to do. Further, it pleaded that plaintiff had failed to pay his part of the premium due on the policy after refusing to furnish this information, that plaintiff had not worked since June, 1931, and was not therefore employed by the railroad company, while the policy provided that the plaintiff's group insurance should terminate when his employment with the railroad company ended.

By agreement of parties, the affirmative allegations of the answer were controverted of record.

The case coming on for trial before a jury in July, 1932, in the Perry circuit court, the plaintiff testified for himself as to the facts above stated and introduced Dr. Brit Combs, who also testified for him. The defendant did not introduce any evidence, but at the conclusion of the evidence for plaintiff moved the court to peremptorily instruct the jury to find for it. Its mo-

tion for a directed verdict being overruled, it offered instruction No. A as submitting the defendant's theory as to the issues of the case to the jury, which the court refused to give, but upon motion of the plaintiff, peremptorily instructed the jury to find for the plaintiff in the sum of $1,000. Judgment was thereupon entered upon the verdict so returned for $1,000, and directed that it be paid in twenty-four monthly installments during two years. From this judgment, this appeal, seeking its reversal, results.

Appellant assigns numerous grounds for a reversal of the judgment, among which is, first, its contention that the court erred in refusing its motion for a directed verdict because appellee suppressed important evidence in refusing his consent to the Veterans' Bureau's furnishing appellant with a copy of its record and diagnosis of the insured's condition as made by it, insisting that the appellee's action in so refusing his consent to the bureau's supplying appellant with this evidence was a fraudulent concealment of important facts bearing upon his condition and thereby constituted evidence for appellant creating a prima facie presumption against the truth or fact of his claimed condition of total and permanent disability, thus defeating his right to a peremptory instruction; but the appellant's claim as to this, so urged in its answer, was controverted of record, and we nowhere find in the record where any effort or attempt whatsoever was made by the appellant to secure this information, or that it undertook to supply itself with any information as to the contents of this bureau record by taking or attempting to take the evidence of any person connected with the Veterans' Bureau previous to or during the trial of the case, or to have summonsed or attempted to have summonsed any one connected with the bureau to testify at the trial as to such matter, nor was any avowal made by the appellant as to what it believed the testimony of such witness would show were the contents of the record or what the record itself would disclose, nor was any order asked requiring the appellee to produce the record or copy thereof in court, but the appellant appears to have been content with only making the alleged request of the appellee that he consent to the bureau's furnishing a copy of its record to it. We do not regard such showing made by the appellant as sufficiently

supporting its claim that appellee had so wrongfully withheld and concealed from appellant the alleged important evidence in his possession bearing upon its defense to his claim as to create a prima facie presumption of fraud, making erroneous the peremptory instruction given. For appellant to have secured the benefit of such claimed prima facie presumption against the merit and validity of plaintiff's claim for disability insurance, it should have at least made an attempt, through legal methods available to it, to have secured this desired defensive evidence, and not have rested content with only alleging by pleadings, which were controverted, that appellee had withheld his consent to the bureau's furnishing it, after being so requested.

All but one of the various other grounds here argued and insisted upon by counsel for appellant, we conclude, are without merit, and therefore do not here call for the needless extension of this opinion by their detailed discussion. However, we conclude that the appellant's objection that the judgment of the court as given is erroneous is not without merit. The judgment provides that:

"It is therefore adjudged, in accordance with the policy contracts filed herein that the plaintiff, Walter Hampton, recover of the defendant, Prudential Insurance Co. of America, the sum of $1000, payable and to be paid as follows: In twenty-four equal installments over a period of two years, beginning Oct. 1, 1931, with interest at the rate of 6% on all past due payments until paid * * *.''

The provisions of the contract of insurance upon which this judgment is based provide that the appellant company should pay to the appellee this stated amount of $1,000, payable within two years in twenty-four equal monthly installments conditioned upon appellee's present state of total and permanent disability continuing, to such an extent as to render him wholly and permanently unable to engage in any occupation or to perform any work for any kind of compensation of financial value during the remainder of his lifetime, and that the insured, upon the company's demand, should furnish it with additional proof from time to time of his total and permanent disability, for the purpose of verifying that such disability is permanent and not temporary.

The judgment in thus unqualifiedly directing the payment of future installments upon the presumed continuation of the insured's present condition of permanent and total disability was, we are of the opinion, erroneous to such extent in failing to provide for the cessation in the payment of these future installments upon the cessation of the presumed continuing total and permanent disability of the insured, or a change therein, during such period of future payments, and to such extent we are of the opinion the judgment should be so modified as to this provision as to make it conform in substance with the judgment entered in the recent consolidated cases of Equitable Life Assurance Society of United States v. James Branham, 250 Ky. 472, 63 S. W. (2d) 498, decided October 31, 1933, wherein, under the provisions of a very similar group insurance contract, we approved the form of judgment therein given, wherein the court adjudged that the plaintiff recover and that the defendant pay him the sum of $——— per month, beginning ———, and that same amount be paid on the same day of each succeeding month thereafter until it has paid the sum of —— monthly installments, totaling $———, or until plaintiff's presumably permanent and total disability ceases, in event same should cease, prior to the time required to make payment of the total of said ——— monthly installments and defendants shall have the right contained and specified in the policy sued on herein, upon its timely initiative to proceed for the purpose of determining if such presumably permanent and total disability has terminated, and, for the purpose of further determining the rights of the parties under the judgment, the court should order that the case be filed away with the right given appellant to redocket the same at any time, until all of said monthly payments should have been made or plaintiff's right to receive the same or any part thereof should be shown to have terminated by reason of recovery from his presumably permanent and total disability.

The propriety of such form of judgment is approved by us upon the grounds that the insured's condition of permanent and total disability may reasonably be presumed to continue throughout the period during which such future monthly installments are directed to be paid, and the court is of the opinion, there-

fore, upon the basis of such presumption—that is, that the present condition of total disability will continue, but which may or may not prove true—that such judgment as here given in the Equitable Life Assur. Soc. Case, supra, in adjudging the present determination of the rights of the parties thereunder, but which reserves the right in the insurer to secure the termination of its present adjudged liability for the payment of future installments upon its later establishing or showing that the insured's condition of disability has changed from that presumed to continue for the installment period and upon which and for which the future installments were directed to be made, as provided by the contract, is logical and just. A judgment so qualified, in thus providing for the cessation in the payment of future installments upon the cessation of the condition of disability upon the basis of which it is adjudged, we conclude, fairly interprets and construes the intended contractual obligations as understood and meant by the parties according to the terms of their insurance contract and more fairly secures for the insured the contracted benefits under the policy than would be realized by him under a different holding, whereby he would be required by further repeated action or demand to successively collect each future installment as the same became due, regardless of the fact that his condition of disability remained the same as that existing and upon the presumed continuation of which he was adjudged to recover the installments then due and payable.

Such being our conclusion, the trial court is hereby directed to modify its complained of judgment herein entered as indicated, so as to substantially conform its directed payment of future installments with the provisions of the judgment entered in the Equitable Life Assur. Soc. Case, supra.

The judgment of the lower court is hereby directed set aside and modified as stated, and when so modified, that the same be re-entered and affirmed.