## Equitable Life Assurance Society of the United States v. Goble.

(Decided March 20, 1934.)

(As Modified on Denial of Rehearing June 12, 1934.)

WM. MARSHALL BULLITT, BRUCE & BULLITT, and E. B. COCHRAN for appellant.

J. L. HARRINGTON for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

This is an action on a group policy issued by the Equitable Life Assurance Society of the United States,

a corporation, engaged in the insurance business, and the Consolidation Coal Company, a corporation, engaged in mining and shipping coal at Van Lear, Johnson county, Ky. The latter employs a large number of men in its business.

The Consolidation Coal Company required each of its employees, under the age of 60 years, to carry insurance protecting their lives and health, as per the terms of a group policy, and deducted from their wages a sum sufficient to pay their proportionate part of the premiums due and paid under the group policy to the Equitable Life Assurance Society.

Elijah Goble was an employee of the Consolidation Coal Company, to whom certificates of insurance were issued, in accordance with the provisions of the group policy, bearing different dates, for different amounts, whereby the Equitable Life Assurance Society agreed to pay him $52.12 a month and a like amount on the same date of each succeeding month thereafter until he had been paid 35 monthly installments, totaling $1,-824.24, in the event, while insured under the group policy, and before attaining the age of 60, he became "totally and permanenlty disabled by bodily injury or disease and will thereby presumably be continuously prevented for life from engaging in any occupation or performing any work for compensation or financial value, then upon receipt of due proof of such disability before the expiration of one year from the date of its commencement."

While under the age of 60, and the policy was in full force and effect and all premiums due thereunder were fully paid, about August, 1931, Goble claims he "became permanently disabled" by "heart trouble." He presented proof of his disease to the insurance company and demanded payment under the terms of the policy and in accordance therewith. It refused to recognize its obligation to him, or to make payment as demanded.

This action was instituted to recover the aggregate amount due him in accordance with the terms and provisions of the policy as evidenced by the certificates of insurance, on the ground he was "totally and permanently disabled by bodily injury or disease and will thereby presumably be continuously prevented for life from

engaging in any occupation or performing any work for compensation or financial value.''

The insurance company presented numerous defenses, which, with the plaintiff's cause of action, on the evidence offered by the parties and instructions given by the court, were submitted to a jury, resulting in a verdict in favor of Goble for the total amount of his certificates.

The judgment entered on the verdict of the jury reads:

"It is therefore ordered and adjudged by the court that the plaintiff recover from the defendant, and that the defendant pay him the sum of $52.12 per month beginning the 28th day of March, 1932, and the same amount on the same date of each succeeding month thereafter until it has paid the sum of thirty-five monthly installments or payments totaling $1,824.24, or until plaintiff's presumably permanent and total disability ceases. In the event same should cease prior to the time required to pay said total sum as provided for herein to make payment of the total of said thirty-five monthly installments together with legal interest, on all past due payments, and the defendant shall have the rights contained and specified in the policy sued on herein upon which it may proceed for the purpose of determining if such presumably permanent and total disability has terminated. For the purpose of further determining the rights of the parties hereunder, it is ordered that this case be continued on this court's docket until all of said monthly payments have been made or plaintiff's right to receive same, or any part thereof is terminated by reason of his recovery from his presumably permanent and total disability. It is further adjudged by the court that each of said monthly installments shall draw interest from its due date as therein set out until paid, and execution may issue for all installments hereafter becoming due under the terms of this judgment at and when same becomes payable as herein provided. It is further adjudged by the Court that the plaintiff recover of the defendant all his cost herein expended for which execution may issue.''

The Equitable Life Assurance Society is here complain-

ing, insisting the judgment allows the insured to recover the future installments when "they are not now due; they have not yet accrued; they may become payable in the future to another person and they may never become due;" and the judgment violates sections 384 and 518, Civil Code of Practice.

The group policy provides:

"Any Disability installments remaining unpaid at the death of the employee shall be payable as they become due to the beneficiary, with the right to commute $3\frac{1}{2}\%$ interest per annum * * *. If the employee fails to furnish satisfactory proof, or if it appears at any time that such disability has been terminated, no further disability installments will be paid on account thereof * * *."

It is argued:

"This language means that if [a] the Appellee dies while he is being paid the monthly installments, the balance of the installments will be paid to his beneficiary, or [b] he fails to furnish proof of the continuance of his disability, the installments cease, or [c] he recovers, the installments cease. Neither this Court nor the lower Court nor a jury can determine at this time whether [a] the insured will continue to live long enough to collect all the installments, [b] he will furnish satisfactory proof of the continuance of the disability when called on to do so, or [c] he will not recover from his disability. Therefore the insured cannot now recover the installments to come due in the future. He can recover them only if he is alive to receive them. If he be dead, then the Equitable's contract is to pay them to the beneficiary and not to the employee's personal representative."

A similar argument has been presented to this court in numerous cases involving the quoted clause of a group policy and a judgment embracing like provisions. See Equitable Life Assur. Soc. of U. S. v. Branham, 250 Ky. 472, 63 S. W. (2d) 498; Prudential Ins. Co. v. Hampton, 252 Ky. 145, 65 S. W. (2d) 980; Central Life Ins. Co. v. Roberts, 165 Ky. 296, 176 S. W. 1139; Equitable Life Assur. Soc. of U. S. v. Merlock, decided January 16, 1934, 253 Ky. 189, 69 S. W. (2d) 12. These cases exemplify the objection to the form of judgment

herein and show the question is no longer controversial in this court, the opinions of a number of courts of foreign jurisdiction to the contrary notwithstanding.

The major argument assailing the judgment is founded upon an erroneous construction and a wrong application of sections 384 and 518, Civil Code of Practice, and overlooks the inherent power of the court. Section 384 reads:

"After a jury trial, the clerk shall enter judgment in conformity to the verdict, unless it be special as to one or more questions of fact, or unless the court reserve the case for consideration."

Section 518 deals with the authority of the court to modify or vacate a judgment after the expiration of the term at which it is rendered. Section 326, Civil Code of Practice, defines the terms "general verdict" and "special verdict." A "general verdict" is that by which the jury pronounces generally, upon all the issues, for the plaintiff or the defendant. A "special verdict" is the finding of facts by a jury, as shown in its answers to questions submitted to it in writing. The verdict herein is within the term "general verdict." Davis v. Stone, 172 Ky. 696, 189 S. W. 937. It is the answer of the jury concerning the facts submitted to it by the instructions of the court; it is a final announcement to the court of the jury's judgment as to how far the facts established by the evidence conform to those which were alleged and put in issue by the pleadings, and declares the respctive rights of the parties as involved in the issues, with certainty, so the judgment can be entered by the clerk at the discretion of the court, with like certainty in conformity therewith, without the court determining additional facts. Davis v. Stone, supra; Stafford v. King, 30 Tex. 257, 94 Am. Dec. 304; Trudo v. Anderson, 10 Mich. 357, 81 Am. Dec. 795. The facts thus declared constitute the basis of the judgment. Davis v. Stone, supra. And where a policy, as in this case, fixes the amount due and when payable, the question of the amount for which judgment should be rendered as due, and to become due, involves no question of fact. And although the general verdict fixed the sum recoverable, the court was authorized to render judgment for the amount due under the policy and to direct, in the judgment, the control of the payment of

the future installments. The effect of the judgment is merely to direct the payment of those that had matured under the terms of the group policy, and it is not in fact a judgment for the present recovery of the future installments. It is equivalent only to a declaration that such installments will be due at the dates fixed, and that it is the duty of the company to pay them as they mature, if the insured continues to live long enough to collect all of them, unless his disability ceases before their payment. It preserves the right of the company, as agreed on between it and the insured, as set out in the policy, to avail itself of the provisions of its policy, subject to the supervision and the right of the court, on the application of the company or the insured, showing a change of the condition of the insured, to compel either or both parties to comply with his or its obligation in accordance with the policy, or in the event the company in the future fails or refuses to pay the future installments, by proper orders, require it to pay, or if the facts authorize it, excuse it from paying, the future monthly installments or any one or more of them. Central Life Ins. Co. v. Roberts, supra.

The logical effect of the provision of the judgment was equivalent to a remittitur as to the payment of the future installments, subject to the supervision and control of the court, at the same time preserving the right of the company and the insured to the equitable or contractual protection afforded by the policy as it concerns future installments. The jury's verdict on the facts was conclusive not only on the parties to the action, but on the court, until and unless Goble's physical condition thereafter shall change or improve. The amount of the installments due on the date of the verdict, as well as the amount and the number of installments accruing in the future, was determinable solely by the policy. Therefore, the sum of the recovery was one of law. And when the court entered a judgment for the installments due and therein reserved the control of the payments of future installments, it in effect exercised its duty and power to order a conditional remittitur. Imperial Fire Ins. Co. v. Kiernan, 83 Ky. 468; Masterson v. Hagan, 17 B. Mon. 325; C. & O. Ry. Co. v. Meyers, 150 Ky. 841, 151 S. W. 19. A court has certain inherent power of control over its judgment during the term at which it is entered, which power is not restricted nor controlled by the provisions of the Code pertaining to new trials.

Corbin Bldg. Supply Co. v. Martin, 239 Ky. 272, 39 S. W. (2d) 480; Clements v. Kell, 239 Ky. 396, 39 S. W. (2d) 663; So. Ins. Co. v. Johnson, 140 Ky. 485, 131 S. W. 270; Strader v. Strader, 163 Ky. 356, 173 S. W. 793.

The drafting and presenting by the insured the judgment in its form was equivalent to a motion to remit or suspend so much of the amount fixed by the jury's verdict as it concerned the inclusion of the future installments. The court so remitting or reducing the amount fixed by the verdict of the jury was merely exercising its inherent power over its judgment during the term at which it was rendered. Brown v. Morris, 3 Bush, 81; L. & N. R. R. Co. v. Earl's Adm'x, 94 Ky. 370, 22 S. W. 607, 15 Ky. Law Rep. 184; C. & O. R. R. Co. v. Meyers, supra. While such inherent power is not to be exercised capriciously or granted as a favor, it may be exercised with judicial discretion, which will not be interfered with by this court so long as the contractual or legal rights of the parties involved are not thereby transcended or trespassed upon, or denied. So. Ins. Co. v. Johnson, supra. The court was within its power to enter the judgment, retaining the case on the docket, thus reserving to the insurance company and the insured the protection respectively afforded them by the policy, as it controls the payment of future monthly, installment disability-payments. The language of the judgment herein not only does this, but it was within the power of the court to make such a provision as a part of its judgment. A like provison in judgments involving subject matters other than insurance policies is frequently adopted and used by the courts for the protection of the litgiants' future rights arising thereunder. See Renick v. Renick, 247 Ky. 628, 57 S. W. (2d) 663; Lyon v. Lyon, 243 Ky. 236, 47 S. W. (2d) 1072, and cases cited; Equitable Life Asso. of U. S. v. Brandon, supra.

The objectionable provision of the judgment is not within section 518 of the Civil Code of Practice. The argument that the future installments may become payable in the future to another person, or they may never become due, is anticipatory. The happening which the argument anticipates may never occur. The Civil Code provides for the revivor of an action and also of a judgment, after the death of a plaintiff.

If the insured, Goble, should die before all future

payments shall have been made to him, his personal representative or successor, under the provisions of the policy, in order to demand and receive the same of the insurance company, if the Equitable objects or declines to pay the same to him, will be required to revive the action or judgment, if it be regarded as a judgment as to future installments, before he may compel payment. The retention of the case on the docket of the court subject to its orders, if the health of Goble may hereafter be restored as contemplated by the policy, or if he should die before the future installments are all paid, in either event, the case remains on the docket subject to the power of the court to make proper future orders, including an order of revivor, necessary or required to meet either condition or any exigency, at which time the insurance company may be heard and the rights of the parties will be determined according to the facts then presented. Lyon v. Lyon, supra.

A scrutinizing examination of the evidence discloses there is no merit in the insurance company's contention: "There was no evidence that Goble became totally and permanently disabled while he was insured under the group policy and a peremptory instruction should have been given," and that "the verdict is flagrantly against the weight of the evidence." This conclusion is supported by the fact that after all the evidence was heard, the insurance company offered in open court to confess judgment "for the sum of the total amount of monthly installments beginning August 1931," up to the time of the offer, for the rate of $36.24 per month with legal interest thereon and all costs accrued. Goble testified that he had not recovered from his "heart trouble" and that "his condition" was growing "worse." It is urged that this testimony was incompetent. It is not within the rule stated in Sovereign Camp, W. O. W., v. Morris, 212 Ky. 201, 278 S. W. 554; Metropolitan Life Ins. Co. v. Crawford's Adm'x, 244 Ky. 730, 51 S. W. (2d) 926. Even though it was incompetent within the rule of Ætna Life Ins. Co. v. Gullett, 253 Ky. 544, 69 S. W. (2d) 1068, its admission was a harmless error not authorizing a reversal of the judgment.

Perceiving no error, the judgment is affirmed.