HINES v. FIDELITY MUT. LIFE INS. CO.
No. 5951.

District Court, E. D. New York.
April 19, 1934.

Irving D. Lipkowitz, of New York City, for plaintiff.

Root, Clark, Buckner & Ballantine, of New York City, for defendant.

GALSTON, District Judge.

The motion is to dismiss this suit on the ground that it appears from the face of the pleadings that it does not involve a controversy properly within the jurisdiction of this court.

The complaint sets forth two causes of action, each on a policy of life insurance. It alleges that the defendant agreed, upon proof of total and presumably continuous and permanent disability by bodily injury or disease such as would prevent the plaintiff from engaging in any occupation whatever for remuneration or profit, to pay the plaintiff a monthly sum of $177.08 under the policy set forth in the first cause of action; and the sum of $104.17 monthly under the policy set forth in the second cause of action.

It is alleged that within the terms of the insurance policy, the plaintiff became totally disabled on or about December 30, 1930, and that due proof of such total and permanent disability was furnished to the defendant; that the defendant on or about January 14, 1931, notified the plaintiff that it had accepted such proof and allowed the total and permanent disability benefits under the said policy as of December 30, 1930, and

would pay the plaintiff the monthly disability sums commencing June 30, 1931. Such sums were paid to and including June 30, 1933. Thereafter, defendant notified the plaintiff that it would no longer pay the disability benefits, and has refused to pay the plaintiff these benefits since that time.

The answer denies the allegations regarding permanent disability and sets forth a clause of the policy of insurance in respect to a recovery from disability, which reads: "Recovery from Disability.—The Company after accepting proof of disability under this Section may demand of the insured at any time thereafter, but not oftener than once a year, proof of the continuance of such disability and upon failure to furnish such proof, or if it appear that the insured has become able to engage in any occupation whatsoever for remuneration or profit, no further premiums shall be waived and no further disability payments shall be made by the Company."

The answer also alleges as a complete defense that the plaintiff has become and now is able to engage in and has actually engaged in occupation for remuneration or profit.

On these pleadings it is urged that since the plaintiff has alleged complete performance by him of all the conditions of the contract, the defendant's obligation to make disability payments at specified dates is wholly unilateral, and the doctrine of anticipatory breach does not apply.

A similar question was presented in Menssen v. Travelers' Insurance Co., 5 F. Supp. 114. Judge Byers, after a careful review of the authorities, sustained the proposition and dismissed the complaint. The plaintiff here seeks to distinguish the case on the ground that the complaint in that case negatived the theory that the relations of the parties were mutually executory; but the line of distinction which he seeks to draw between that case and this is very attenuated indeed. The eleventh paragraph of the present complaint reads: "That plaintiff has duly performed all the conditions of the said policy of insurance on his part to be performed up to the time of the breach and repudiation of said agreement by defendant and plaintiff was at all times thereafter and is now ready, able and willing to duly perform any and all conditions on his part to be performed under said policy of insurance." And so the plaintiff argues that because in paragraph tenth he alleges that by the terms of the policy he is still required to furnish to the defendant upon its demand proof of the continuance of such disability, he cannot be regarded as having completely performed his obligation. There seems to me to be no force in that contention.

Under the allegations of the pleadings, plaintiff is not entitled to more than $281.-25; and accordingly this case is not within the jurisdiction of the court.

The motion to dismiss for lack of jurisdiction is, therefore, granted. Settle order on notice.