## American Life & Accident Ins. Co. v. Henning (three cases).

(Decided Oct. 27, 1936.)

L. B. ALEXANDER for appellant.

W. A. BERRY and J. F. NICHOLSON for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing in part and affirming in part.

The first two entitled actions were brought by Will Henning against the American Life & Accident Insur-

ance Company to recover on a disability clause of three insurance policies for the same disability for a different period of time; the third is for injunctive relief against the institution of another action to recover on the same policies, and to require the insured to submit to the physical examination described in the petition. They have been consolidated and submitted as one. We shall, therefore, dispose of them in one opinion.

To dispose of the issues presented, fairly and properly, it is essential to review the antecedent history of the insured's injury and disability resulting therefrom, and the prior actions to recover, on the policies.

On the 29th day of March, 1933, the insured brought an action in the McCracken circuit court to recover on the disability provision of the policies, which was dismissed without prejudice. On the 15th day of September, 1933, he filed a second action to recover $418.50, alleged to be due him under the disability provision of the policies because of an injury sustained in January, 1929, which had continuously disabled him from that date.

The insurance company filed an answer containing three paragraphs. The first was a traverse; the second, pleaded a counterclaim—the judgment for the cost in the first action brought by him. In the third, this provision in the policy was copied:

"Benefits for sickness or accident under this policy will be paid only after a certificate on the company's form by a regularly licensed and practicing physician who is satisfactory to the company, showing the nature of the sickness or injury and its probable duration, shall have been furnished the company, or its authorized agent; and if such sickness or accidental disability of the insured shall continue for more than one [1] week a like certificate must likewise be furnished at the beginning of each week of sickness or accidental disability for sickness or accidental disability shall begin to accrue under this policy for any week until such a certificate is received as above set forth. No certificate will be accepted as a proof of sickness or disability unless the physician bases each certificate upon a personal attendance upon the insured at his or her bedside; and the company at all times shall have the right and opportunity to have its own medical examiner examine the person of the insured when and so

often as it may reasonably require during the pendency of any claim for weekly indemnity."

Following it is the allegation that the insurance company had sent its medical examiner on different occasions during the pendency of his claim for weekly indemnity to examine him and he had refused it the right or opportunity to examine him; "and that such examination of the person of said Will Henning was obstructed and refused by him, and that by reason thereof this defendant owes the said Will Henning nothing on account of said alleged claim."

It tendered an amended answer, wherein it alleged:

"That the paralytic condition of which the plaintiff is complaining could be and probably is the result of syphilis, and that syphilis is a venereal disease, and that the defendant company is exempted by said policy for paying weekly benefits for venereal diseases, and that a Wasserman Test, and a test of his spinal fluid is reasonably necessary to ascertain whether his condition is the result of syphilis, and that same could be ascertained by a Wasserman Test of his blood, and an analysis of his spinal fluid, without danger to his life, or health, or without the infliction of serious pain, and that such an examination was reasonably necessary, in order to ascertain the facts, as to his present condition, and that these facts can be brought to light, or fully elucidated by said Wasserman Test, and test of spinal fluid, and which examinations were refused by the plaintiff, as set out and complained of in the original answer filed herein."

The court refused to permit the amendment to be filed, but made it a part of the record. At the conclusion of the evidence adduced by the parties, the court peremptorily instructed the jury, in favor of Henning.

It must be noted that in this amendment the insurance company intimated for the first time in its pleading that Henning's disability was the consequence of a venereal disease. And a reading of the tendered amendment is convincing that it did not therein affirmatively and positively allege that he was afflicted with a venerael disease. It is apparent from a reading of it, its allegation as to the venereal disease was too indefinite to present an issue.

In its answer in the first-entitled action it again quoted the provision of the policies hereinbefore copied, and followed it with a paragraph of section 673, Kentucky Statutes, which reads:

"Any such association, corporation or society shall have the right and shall be afforded the opportunity to have any member of policy-holder claiming to be either sick or injured examined by its physician when and as often as it may reasonably require such examination to be made during the pendency of any claim for either sick or accident benefits, and no action at law or in equity shall be maintained in any of the courts of this Commonwealth for the recovery of any claim to sick or accident benefits, when such examination of the person of the insured has been either obstructed or refused."

The third paragraph of the answer in substance alleges that its physicians had personally examined Henning and found him to be suffering from paralysis of the lower limbs. They had X-rayed his hips and spinal column, and the X-ray revealed "that there was no injury to his hips and spinal bony structure, and that they could find no evidence of any injury and that said physicians believe that said plaintiff's condition is not the result of an injury, but is the result of venereal disease, and that in order to fully ascertain and determine the cause of said plaintiff's trouble, and whether same is of venereal origin, it is reasonably necessary to have a Wasserman Test made of his blood and also fluid obtained from a spinal puncture, both of which may be done without danger to plaintiff's life, or health, and without the affliction of serious pain, and that the ends of justice require the disclosure as to whether the plaintiff is suffering from venereal disease, and that by said tests, the facts can be more certainly ascertained, brought to light, and fully elucidated."

It must be noted that this pleading presents for the first time the fact that the policies do not cover ailments resulting from, or caused by, venereal diseases. We find no reply to it. The parties then stipulated that the policies were duly issued and in full force and effect; that Henning gave it notice of his total disability and furnished the certificate of a doctor within the time and as required by the policies; that the amount sued for was correct, if Henning was entitled to recover at all;

that he had submitted to an examination by the insurance company's physicians, but refused to allow them to puncture him or draw blood or fluid from his body for the purpose of an examination of either; that they had examined him in every other way desired.

The court sustained a demurrer to this paragraph of the answer. Thereupon, the cause was submitted on the pleadings and the stipulation of facts. The court decreed a recovery in favor of Henning for $425.40 with interest from the 6th day of September, 1934, until paid.

In the second action the insurance company's answer is a reproduction of that filed in the first-entitled one. The record contains no reply thereto. Again, the parties stipulated substantially as in the first. The cause was then submitted to the court for judgment on "the petition, the answer and the stipulation," upon which the court decreed a recovery in favor of Henning for $425.40.

It should be noted that in one action the court sustained a demurrer to the third paragraph of the insurance company's answer; and in the other, the cause was submitted on the petition, the answer and the stipulated facts.

Considering these actions in the order in which they were tried, that one in which the court refused to permit the amended answer to be filed was considered by us on a motion for an appeal. The motion was overruled, the appeal denied, and the judgment affirmed per curiam. The difference between the record in that case and the first-entitled one, is, in the former there was no pleading alleging that the coverage of the policies excluded total disability resulting from a venereal disease. In the first-entitled action the insurance company's answer presented this defense, and the provision of the policy and section 673, supra, as its authority to demand of Henning an examination by scientific tests of his blood, fluid of his spine, or both, for the purpose of ascertaining and determining whether his disability was a product of venereal disease and not the injury which he claims he sustained in 1929. The insurance company's defense does not dispute the existence of his disability, but it does present squarely the issue that it was the result of venereal disease.

A mere reading of the quoted provision of its policy

and section 673, supra, is sufficient to authorize and justify the statement that it was well within its right under either the provision of its policies, or the statute, or both, when demanding that Henning submit himself for a scientific test of his blood, or the spinal fluid, or both.

It is unequivocally alleged in the answer that the disability provision of the policies does not cover a disability caused by venereal diseases, and that whether Henning's disability resulted from venereal disease cannot be determined other than by the test described in the answer. No pleading controverts this allegation, nor is the contrary stipulated in the agreement of the parties.

If the quoted clause of the policies does not authorize the insurance company to demand that Henning submit himself to these tests, the language of section 673 indubitably does so by its use of the language:

> "And no action at law or in equity shall be maintained in any of the courts of this Commonwealth for the recovery of any claim to sick or accident benefits, when such examination of the person of the insured has been either obstructed or refused."

This statute was in force at the date of the issuance of the policies; it is, therefore, to be considered a part of each of the policies as if it were set out therein, hæc verba.

In sustaining the demurrer to the answer, the court manifestly overlooked the allegation therein that the policies do not cover disabilities caused by venereal diseases, and also the above-quoted provision of the policies and section 673, supra; and erroneously sustained the demurrer. And on the trial of the second above styled action, the court, although the answer was by the stipulation of the parties, to be considered by it on the trial of the case, the court again overlooked the allegations of the answer, the quoted clause of the policy, and section 673.

If Henning declines to submit to the test sought in the company's answer, then the court should dismiss the case in accordance with section 673, supra. On the other hand, if he submits to it and the examining physician determines his disability is caused by venereal disease, then this question will be tried on the evidence thereon.

If judgment favorable to Henning is decreed, the court and the parties may adopt the form of judgment approved in Equitable Life Assurance Society v. Goble, 254 Ky. 614, 616, 72 S. W. (2d) 35. For the error indicated, the judgments in the first and second styled actions are reversed.

In the third, the insurance company sets forth in its petition a history of the policies and the fact that Henning claimed that he was injured by an accident in January, 1929, disabling him as contemplated by the policies, and that he had brought suits in 1933 and 1934 to recover of it because of such disability, and that he now had and was asserting a claim against it under his policies for less than $500, and that he was threatening to file suit to recover the same. Continuing, the petition contains substantially facts set forth in the third paragraph of its answer in the first two above styled actions, followed by a prayer for an order, restraining him from instituting or prosecuting further actions on the policies until he submits himself to an examination to test his blood and spinal fluid, and for a mandatory order requiring him to do so.

Having already decided that the allegations of the third paragraph of each of his answers stated a defense to his cause of action set up in his petition, it should be apparent that the basis of the action for a restraining order and an injunction constitute only a defense to his anticipated suit against the insurance company; and, therefore, the court properly sustained a demurrer to its petition and dismissed it.

Wherefore, the judgment is affirmed in the last styled action and reversed in each of the other styled actions, and remanded for proceedings consistent herewith.

The whole court sitting.