**ASBURY v. NEW YORK LIFE INS. CO.**

District Court, E. D. Kentucky.
July 7, 1942.

514

Daniel B. Smith, of Harlan, Ky., and Cleon K. Calvert, of Pineville, Ky., for plaintiff.

Bruce & Bullitt, of Louisville, Ky., for defendant.

FORD, District Judge.

This action was originally filed in the Harlan Circuit Court. It was removed upon the petition of the defendant alleging diversity of citizenship between the parties and that the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $3,000, 28 U.S.C.A. § 41(1), § 71.

Although no motion for remand has been made, section 37 of the Judicial Code, 28 U.S.C.A. § 80, places upon the court the duty to inquire into its jurisdiction at all stages of the case whether the parties raise the question, or not. McNutt. v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135.

The material allegations of the petition are, in substance, that on September 15, 1932, the defendant issued and delivered to the plaintiff a life insurance policy in the sum of $10,000 in consideration of the payment of an annual premium of $448.50, with the provision that if, before reaching sixty years of age, the insured should become totally and presumably permanently disabled, payment of annual premiums would be waived during the continuance of such disability. It it further alleged that while the policy was in full force and effect, the plaintiff, not having reached sixty years of age, suffered total and permanent disability as defined in the policy, that due proof was furnished to the defendant and thereafter the plaintiff paid defendant one annual premium of $448.50 under protest and without prejudice to his right to demand its refund should his claim of waiver be sustained.

The relief sought is recovery of the premium payment of $448.50 with interest and adjudication that the policy remain in full force and effect without further payment of premiums.

The policy, which is filed with and made a part of the petition by reference, contains the provision that "if at any time the Insured shall become able to perform any work, follow any occupation, or engage in any business for remuneration or profit, no further premiums shall be waived." The policy contains no provision for payments to the insured on account of his disability but limits the benefit to waiver of the annual premiums on the life insurance during the existence of the disability.

No controversy exists between the parties as to the validity or meaning of any of the provisions of the policy nor is there any dispute but that the policy was in full force and effect at the time of the alleged disability.

The theory upon which it is insisted that the sum or value of the matter in controversy exceeds the requisite jurisdictional amount is that in addition to the $448.50 for which the plaintiff seeks judgment, the aggregate amount of future premiums to which the waiver provisions of the policy may be applicable during the plaintiff's life expectancy, as well as the reserve which the plaintiff must maintain in order to carry the policy (the total of which would far exceed $3,000) also constitute "matters in controversy" within the meaning of the statute and must be considered in measuring the sum or value thereof.

A similar contention was presented in Mutual Life Insurance Co. of New York v. Moyle, 4 Cir., 116 F.2d 434, a carefully considered opinion in which the court held that since it appeared the company was obligated only so long as the condition evidencing total and permanent disability should continue, a condition which, theoretically at least, might change at any time, it was impossible to say that any controversy existed except in respect to such liability as had accrued, and hence the amount involved for the purpose of jurisdiction was limited to the amount for which the suit was brought. In the same case the court pointed out that the reserve which the insurance company was required to maintain did not measure in any way the sum or value of the matter in controversy.

The cogent reasoning and impressive array of authorities supporting the views expressed in the Moyle case need not be here repeated. It is sufficient to declare agreement with the reasoning and full accord with the conclusion that in an action for a declaration of rights or for recovery of benefits under an insurance policy, wherein no question is raised as to the validity, terms, meaning or subsistence of the

policy according to its terms, the value of the matter in controversy within the meaning of the jurisdictional statute, 28 U.S.C.A. § 41(1), is limited to the sum of such disputed obligations as may have accrued. Neither subsequent accruals which are contingent upon the uncertainty of future events nor the reserve which the insurance company may be required to maintain are "matter[s] in controversy" within the meaning of the statute, nor may they properly be considered in measuring the sum or value involved in the case. Such matters are, at most, only incidental and collateral.

It is earnestly argued, however, that under a rather unique rule applied in cases of this character, under the law of Kentucky, if the plaintiff succeeds in establishing his claim of present disability he may be further awarded a present declaratory judgment in respect to his right to the waiver of future premiums. Equitable Life Assurance Society v. Branham, 250 Ky. 472, 63 S.W.2d 498; Prudential Insurance Co. v. Hampton, 252 Ky. 145, 65 S.W.2d 980; Equitable Life Assurance Society v. Goble, 254 Ky. 614, 72 S.W.2d 35; Mutual Life Ins. Co. of New York v. Beckmann, 261 Ky. 286, 87 S.W.2d 602. Due to the form of judgment approved in these cases, it is claimed the scope of the controversy is so enlarged that in computing the value involved the sum of all future premiums during the life expectancy of the insured must be considered.

■ This contention appears to rest upon a mistaken idea of the law and a misconception of the nature and effect of the form of judgment approved in such cases. It is settled in Kentucky, as elsewhere, that "under a contract like this the appellant should not be permitted to recover payments which, by reason of his death or recovery from his illness, might never accrue." Howard v. Benefit Association of Ry. Employees, 239 Ky. 465, 468, 39 S.W.2d 657, 658, 81 A.L.R. 375.

In a case presenting similar circumstances, the Supreme Court held that breach of a disability insurance contract in respect to a present disability was "neither a repudiation of the policy nor such a breach of its provisions as to make conditional and future benefits the measure of recovery" and, since acceleration of future benefits was not essential to the attainment of present reparation, dismissal of the action by the lower court, on demurrer to the complaint on the ground that the possible recovery was less than the jurisdictional amount, was sustained. New York Life Insurance Co. v. Viglas, 297 U.S. 672, 56 S.Ct. 615, 616, 80 L.Ed. 971.

In Equitable Life Assurance Society v. Goble, 254 Ky. 614, 620, 72 S.W.2d 35, 38, the Kentucky Court of Appeals stated the purpose and effect of the form of judgments approved in cases involving disability insurance policies, thus: "The effect of the judgment is merely to direct the payment of those that had matured under the terms of the group policy, and it is not in fact a judgment for the present recovery of the future installments. It is equivalent only to a declaration that such installments will be due at the dates fixed, and that it is the duty of the company to pay them as they mature, if the insured continues to live long enough to collect all of them or unless his disability ceases before their payment. It preserves the rights of the company, as agreed on between it and the insured, as set out in the policy, to avail itself of the provisions of its policy, subject to the supervision and the right of the court, on the application of the company or the insured, showing a change of the condition of the insured, to compel either or both parties to comply with his or its obligation in accordance with the policy, or in the event the company in the future fails or refuses to pay the future installments, by proper orders, require it to pay, or if the facts authorize it, excuse it from paying, the future monthly installments or any one or more of them."

■ This elucidation of the Kentucky form of judgment seems sufficient to entirely refute the idea that it is intended to constitute res adjudicata in respect to future benefits or liabilities. It would be a strange doctrine to hold that the mere judicial recital of the substance of plain and unambiguous provisions of a contract respecting contingent future rights and obligations of the parties, about which there appears no dispute, and certainly no repudiation, could have the effect of drawing such matters into controversy. Nor is it reasonable to suppose the court intended a gratuitous interpretation of a contract already clear and well understood by the parties. Obviously, it is merely an exposition of the reason or basis for the court's reservation of the power to exercise future control of the case in order to avoid a circuity of actions and provide a more convenient and expeditious method of future procedure in the event disputes as to plaintiff's recov-

ery from his present disability should subsequently arise. This is evidenced by the court's comment upon the form of judgment in the Beckmann case, supra, "Otherwise a circuity of actions would result and be more harmful than beneficial to all parties concerned." 261 Ky. at page 294, 87 S.W.2d at page 606. This procedure contemplates and effectuates shifting the burden of proof from the insured to the insurer, but, after all, this amounts to nothing more than giving effect or recognition to the familiar rule that when the existence of a condition or state of things, having reasonable probability of permanence, is once established by proof, a presumption arises that it will persist or continue until the contrary is shown. Prudential Insurance Co. v. Hampton, 252 Ky. 145, 151, 65 S.W.2d 980. See Anderson v. United States, 3 Cir., 126 F.2d 169; 20 Amer.Jur. § 207.

Granting, without deciding, that the transfer of this burden from the insured to the insurer is something more than procedure and extends into the field of substantive right, nevertheless we have no criterion or standard by which to measure its value. Likewise, even if the form of judgment approved in Kentucky may be properly regarded as a judicial declaration in the nature of a present adjudication as to future rights and liabilities, the fact that its effective operation is entirely hypothetical seems to erect an insuperable barrier to any present evaluation of it for jurisdictional purposes. The possibility of plaintiff's recovery or death terminating all right and liabilities under the disability provisions of the contract involves elements which can no more be computed in terms of present money value than other things dependent upon clear chance. To sustain federal jurisdiction under the provisions of the statute here applicable, "the 'matter in controversy' must be money, or some right, the value of which, in money, can be calculated and ascertained." 1 Hughes Fed. Practice, Jurisdiction & Procedure, § 430; Barry v. Mercein, 46 U.S. 103, 5 How. 103, 120, 12 L.Ed. 70. Moreover, even if such matters were

susceptible of measurement in terms of money or money value, no basis is suggested upon which to rest a finding in this case that they are sufficient to reach the statutory requirement.

In Healy v. Ratta, 292 U.S. 263, 270, 54 S.Ct. 700, 703, 78 L.Ed. 1248, we are admonished that the policy of the statute which confers federal jurisdiction in cases of this character "calls for its strict construction", and federal courts should "scrupulously confine their own jurisdiction to the precise limits which the statute has defined." To assume federal jurisdiction upon a mere hypothesis such as a computation of values entirely contingent upon uncertain future eventualities, would seem doubtful observance of this admonition.

Defendant insists that where jurisdiction on removal is doubtful the court should resolve the doubt in favor of its jurisdiction because there is no appeal from the remand. This is not in accord with the rule which has long prevailed in this circuit. See Breymann v. Pennsylvania O. & D. R. Co., 6 Cir., 38 F.2d 209, 212. In Western Union Telegraph Co. v. Louisville & N. R. Co., D.C., 201 F. 932, 945, Mr. Justice Sanford (then District Judge) stated the rule thus: " * * * if there be any substantial doubt as to Federal jurisdiction the cause should be remanded, and jurisdiction retained only where it is clear." Assumption of jurisdiction upon a doubtful basis may result in great loss to the parties in fruitless litigation. See Johnson v. Equitable Life Assurance Society, 6 Cir., 127 F.2d 77. The parties are not likewise endangered by remand, even if the order be erroneous, for the effect of it is merely to relegate the litigants to another court of competent jurisdiction for the settlement of their controversy. Perhaps this accounts for the statute, 28 U.S.C.A. § 71 which denies appeal from an order of remand.

For the reasons indicated, I am of the opinion that this court is without jurisdiction of this case and it should be remanded to the state court from which it was removed.