BUTTON v. MUTUAL LIFE INS. CO. OF NEW YORK.

No. 418.

District Court, W. D. Kentucky, at Louisville.

Jan. 9, 1943.

James H. Frazee, and Jones, Keith & Jones, all of Louisville, Ky., for plaintiff.

William Marshall Bullitt and Francis T. Goheen, both of Louisville, Ky., for defendant.

MILLER, District Judge.

This action was originally filed by the plaintiff, Ruby P. R. Button, in the Jefferson Circuit Court of Kentucky and was thereafter removed by the defendant, Mutual Life Insurance Company of New York, to the United States District Court. The plaintiff has moved to remand the action to the State court.

The petition states that on November 20, 1924, the defendant executed and delivered to the plaintiff its policy of insurance, whereby in consideration of an annual premium of $107.10 the defendant insured her life for $5,000; that in consideration of an additional premium of $8.05 per year the defendant agreed that in the event of total and permanent disability on the part of the insured before attaining the age of 60 years, it would, during the continuance of such disability, waive payment of each premium as it became due and pay to the insured $50 per month; that on September 14, 1939, while the policy was in full force and effect the insured became permanently and totally disabled; that the defendant made the monthly payments of $50 to her until November, 1940, at which time it refused to recognize her condition as being one of total and permanent disability and has refused to make any such payment for November, 1940, or thereafter; and that there was due to her by the defendant under the policy at the time when this action was filed in December, 1941, the sum of $700 which the defendant has failed and refused to pay. The petition prays judgment against the defendant in the sum of $700; that the plaintiff be adjudged permanently and totally disabled under the stipulations of the policy, and that she be adjudged payment of $50 per month from the defendant for the remainder of her natural life. The petition for removal alleges diversity of citizenship between the parties and that the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000. It states in support of these allegations that in accordance with the requirements of the law of New York it is required to carry reserves for disability benefits and that in accordance with sound actuarial principles and practices it has set up against the plaintiff's claim and now maintains a reserve which exceeds $8,000; that the plaintiff was 36 years of age at the time of filing her action and had a reasonable expectancy of life of more than ten years; and if the plaintiff sustains her claim in this action and lives during her reasonable life expectancy and remains totally and permanently disabled the defendant will be required to pay her more than 120 monthly installments of $50 each or a total sum of more than $6,000, and waive more than ten annual premiums of $115.50 each, which makes a total payment of

monthly income and waiver of premiums of more than $7,151.50.

The present motion to remand raises only the question of whether or not under the facts so stated the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000. Sections 41(1) and 71, Title 28 U.S.C.A.

The Federal decisions are in conflict as to whether or not the legal necessity of maintaining, and the actual maintenance of, a reserve in excess of $3,000 to meet disability claims satisfies the statutory jurisdictional requirement that the matter in controversy exceed $3,000. The following cases have held that the setting up of such a reserve by an insurance company is merely incidental and collateral to the plaintiff's claim and is not the amount in controversy, in that the defendant will not necessarily be required to pay out the sum so set aside by reason of such claim: Mutual Life Ins. Co. of New York v. Moyle, 4 Cir., 116 F. 2d 434; Berlin v. Travelers Ins. Co., D.C., 18 F.Supp. 126; Edelman v. Travelers Ins. Co., D.C., 21 F.Supp. 209; Small v. New York Life Ins. Co., D.C., 18 F.Supp. 820; Shabotzky v. Massachusetts Life Ins. Co., D.C., 21 F.Supp. 166; Huey v. Prudential Life Ins. Co., D.C., 23 F.Supp. 708; Stockman v. Reliance Life Ins. Co., D.C., 28 F.Supp. 446; Travelers Ins. Co. v. Wechsler, D.C., 34 F.Supp. 721; Asbury v. New York Life Ins. Co., D.C., 45 F. Supp. 513.

The other view, namely, that the amount of necessary reserve should be considered in determining the jurisdictional amount, was followed in the following cases: Jensen v. New York Life Ins. Co., 8 Cir., 50 F.2d 512; Enzor v. Jefferson Standard Life Ins. Co., D.C., 14 F.Supp. 677; Ross v. Travelers Ins. Co., D.C., 18 F.Supp. 819; Struble v. Connecticut Mutual Life Ins. Co., D.C., 20 F.Supp. 779; Penn Mutual Life Ins. Co. v. Joseph, D.C., 5 F.Supp. 1003; Thorkelson v. Ætna Life Ins. Co., D.C., 9 F.Supp. 570.

The views and reasons given by the Court in its opinion in Berlin v. Travelers Insurance Co., supra, appear to me to correctly interpret the meaning and purpose of the statute, and to be in accord with early rulings of the Supreme Court on analogous questions. Troy v. Evans, 97 U.S. 1, 24 L.Ed. 941; Town of Elgin v. Marshall, 106 U.S. 578, 1 S.Ct. 484, 27 L. Ed. 249. The reserve set up by the In-surance Company is not the matter in controversy; it merely represents collateral action on the part of the Insurance Company by reason of the existence of the claim. The collateral effect of a judgment is not the test of jurisdiction. Wright v. Mutual Life Ins. Co. of New York, 5 Cir., 19 F.2d 117, and cases therein cited. This ground for assuming jurisdiction is therefore denied.

A conflict seems to also exist in the Federal authorities on the question of whether or not in an action to recover payments already accrued under a contract providing for installment payments where liability for any payment is denied, the Court can also consider in determining the matter in controversy payments due in the future if liability under the contract is established. Several decisions strongly support the view that such future payments are properly included in determining the jurisdictional amount, even though they are subject to being decreased or even cut off by a change in conditions at a later time. Thompson v. Thompson, 226 U.S. 551, 33 S.Ct. 129, 57 L.Ed. 347; Brotherhood of Locomotive Firemen & Enginemen v. Pinkston, 293 U.S. 96, 55 S. Ct. 1, 79 L.Ed. 219; Ballard v. Mutual Life Ins. Co. of New York, 5 Cir., 109 F.2d 388; Penn Mutual Life Ins. Co. v. Joseph, D.C., 5 F.Supp. 1003; Franzen v. E. I. Du Pont De Nemours & Co., D.C., 36 F.Supp. 375. On the other hand, the following decisions have held that such future payments are not properly included in determining the amount in controversy: Wright v. Mutual Life Ins. Co., 5 Cir., 19 F.2d 117, affirmed 276 U.S. 602, 48 S.Ct. 323, 72 L.Ed. 726; Equitable Life Assurance Society v. Wilson, 9 Cir., 81 F.2d 657; Colorado Life Co. v. Steele, 8 Cir., 95 F.2d 535; Mutual Life Ins. Co. of New York v. Moyle, 4 Cir., 116 F.2d 434; LaVecchia v. Connecticut Mutual Life Ins. Co., D.C., 1 F.Supp. 588; Hines v. Fidelity Mutual Life Ins. Co., D.C., 6 F.Supp. 692; Moon v. Pacific Mutual Life Ins. Co., D.C., 28 F.Supp. 199; Mitchell v. Mutual Life Ins. Co., D.C., 31 F.Supp. 441; Asbury v. New York Life Ins. Co., D.C., 45 F.Supp. 513.

It would serve no useful purpose to review the arguments and reasons advanced by these conflicting lines of authority, as a full discussion of the question involved can be obtained by a reading of the several opinions above referred to. I am of the

opinion that the basic reason stressed in the two opinions in Wright v. Mutual Life Ins. Co., supra, and Mutual Life Ins. Co. of New York v. Moyle, supra, is decisive of the question. It also appears to have the approval of the Supreme Court by reason of its affirmance of the decision in Wright v. Mutual Life Ins. Co. in 276 U. S. 602, 48 S.Ct. 323, 72 L.Ed. 726. The matter in controversy involves only the liability of the insurance company to make the payments already accrued. No controversy exists in this action as to any disability payments under the contract in the future. The insurance company may or may not decline to pay them, and facts occurring subsequent to the filing of this action may completely justify its refusal to make future monthly payments even though the result of this action obligates it to pay those already accrued; such subsequently occurring facts might lead the insurance company to make such payments in the future irrespective of the result of this action. This action is in no way res judicata as to its liability under the policy in the future. Although the effect of the judgment in this case may result in the insured collecting from the insurance company a total sum far in excess of the jurisdictional amount, yet it is well settled that when federal jurisdiction depends upon the amount in controversy, "it is determined by the amount involved in the particular case, and not by any contingent loss either one of the parties may sustain by the probative effect of the judgment, however certain it may be that such loss will occur." New England Mortgage Security Co. v. Gay, 145 U.S. 123, 12 S.Ct. 815, 816, 36 L.Ed. 646. The collateral effect of a judgment is not the test of jurisdiction. Troy v. Evans, supra, 97 U.S. 1, 24 L.Ed. 941; Town of Elgin v. Marshall, supra, 106 U.S. 578, 1 S.Ct. 484, 27 L.Ed. 249; New Jersey Zinc Co. v. Trotter, 108 U.S. 564, 2 S.Ct. 875, 27 L.Ed. 828; City of Opelika City v. Daniel, 109 U.S. 108, 3 S.Ct. 70, 27 L.Ed. 873; Bruce v. Manchester & K. R. R., 117 U.S. 514, 6 S.Ct. 849, 29 L.Ed. 990.

■ The defendant contends, however, that under an unusual rule which exists under the law of Kentucky in cases of this character any judgment which would be entered in favor of the plaintiff would determine more than the plaintiff's right to recover merely the installments past due and unpaid. It has been held in the following Kentucky decisions that if the plaintiff establishes his right to disability benefits past due and unpaid the judgment shall also provide that the plaintiff recover the stipulated amount per month from the defendant for the future term of the contract obligation, but with the right in the defendant to re-docket the case and ask for a hearing whenever it is in a position to prove that the plaintiff's right to receive benefits has terminated: Equitable Life Assurance Society v. Branham, 250 Ky. 472, 63 S.W.2d 498; Prudential Insurance Co. v. Hampton, 252 Ky. 145, 65 S.W.2d 980; Equitable Life Assurance Society v. Merlock, 253 Ky. 189, 69 S.W.2d 12; Equitable Life Assurance Society v. Goble, 254 Ky. 614, 72 S.W.2d 35; Mutual Life Insurance Co. v. Beckmann, 261 Ky. 286, 87 S.W.2d 602. This same contention was presented to Judge Ford of the Eastern District of Kentucky in the case of Asbury v. New York Life Insurance Co., D.C., 45 F.Supp. 513, who pointed out that this contention rests upon a misconception of the nature of the form of judgment approved in such cases. As stated in Judge Ford's opinion in that case, the effect of the judgment is discussed by the Kentucky Court of Appeals in Equitable Life Assurance Society v. Goble, supra, where it is stated that such a judgment is not in fact a judgment for the present recovery of any future installments, but is equivalent only to a declaration that such installments will be due at the dates fixed and that it is the duty of the company to pay them as they mature, if the insured continues to live long enough to collect them or unless his disability ceases before their payment. It is sufficient to state here that I agree with his analysis of such a judgment and with his reasons for holding that such a judgment does not draw into controversy, within the meaning of the statute, any installments which might come due in the future.

■ It should be added that the ruling in the present case does not apply to actions brought by an insurance company to cancel one of its policies by reason of fraud, or to actions in which the validity of the entire contract is in question. Numerous authorities have held that under such conditions the face amount of the policy is in controversy and if the policy is for more than $3,000 the jurisdictional amount is involved. Ginsburg v. Pacific Mutual Life Insurance Company, 2 Cir.,

69 F.2d 97; New York Life Insurance Co. v. Kaufman, 9 Cir., 78 F.2d 398; Mutual Benefit Health & Accident Association v. Fortenberry, 5 Cir., 98 F.2d 570; Mutual Life Insurance Company v. Thompson, D. C., 27 F.2d 753; Thorkelson v. Ætna Life Insurance Co., D.C., 9 F.Supp. 570; Rydstrom v. Massachusetts Accident Co., D.C., 25 F.Supp. 359. Such a case presents a different question from the one I have been discussing above.

The Court recognizes that in making its present ruling it is departing from its own ruling in two previous cases, neither of which has been reported. In both of those cases the plaintiff made little if any serious effort to maintain his position, and the question was not as fully developed and did not have as thorough consideration as it would otherwise have received if seriously contested. Rulings in other cases since then have made it seem advisable to reconsider the question more thoroughly, which has led to the ruling and reasons herein expressed.

■ Plaintiff's motion to remand to the State Court is sustained. Section 71, Title 28 U.S.C.A.