Judge ' Hvsttr
delivered tbe opinion.
This , appeal is taken from a judgment of the circuit court, rendered in favor of Logan on a verdict found fop him in an action of ejectment, which he brought in that court against the heirs of Richard Steele.
The trial was had on the general issue; and during its progress, Logan introduced and read as evidence to the ju-try. a deed of conveyance for the land in contest from his father, David Logan, to him. bearing date the 8¡h oí November, IHOO; and introduced a. witness to prove, that, in 1802, be.put a tenant in possession of the land, claiming it'-as his rnwn, and at the same time saying be had a deed for it; — -but the Steeles, contending that the deed from David Logan was fraudulent, and antedated to overreach the deed ander which they claim,, and which was. made in .pursuance.to a decree pronounced in their favor against David Logan, objected to the evidence which tbe witness was introduced to prove; but the objections we»e overruled, and the evidence permitted (o go to the jury.
Exceptions were taken to the opinion of the court ; and, by the assignfnent of, errors, the propriety of admitting the evidence is questioned.
That it was competent for Logan to prove the fact of bis having put. a tenant in possession.of the land ¡n 1802, is a proposition 'admitting of no controversy, itwas com-patent, because in most, if not in all cases, the fact of ¡¡os-86⅜«>0 conduces,-in some degree, to the proof of the title, The fact of possession is in itself sufficient evidence of title to many purposes. It will sustain an action of trespass for an? v'°fo!ice committed on the possession by. persons having np title. It will authorise restitution of the possession from such as may have forcibly entered: and it is "^Mbat in auejectment, if it appear by the record of a special-verdict that the plaintiff has priority of possession, no title is found for the defendant, the plaintiff shall judgment. 3 Saund. Rep. 111. In fine, the posssssion of lands so connects itself with the title, that there can be no complete and perfect title without having been U()itecl to the possession. Without possession there may be en!rJ 'n lands; but until an entry is in fact made, there can be no complete and perfect title to the lands
"Possession is presumptive evidence of title, but may be re-peded by nth» er evidence.
The deda» raaons nf a party at the time of doing an act, compose a part of the act itself, and an evidence of the intention with which the act was done.
But, whilst it must be conceded to be competent for a plaint iff i> ejectment to prove, that he has had possession of the ¡and, such proof cannot be admitted to be condi-aive evidence of title. The fact of possession creates a presumption of title more or less violent, according to the circumstances with which it may be connected; but the presumption which it creates isa presumption of faet, and may be repelled or explained away by the introduction' of extraneous evidence.
If, then, we are correct in supposing that it was competent for Logan to prove the fact, of his having put a tenant in the possession of the land; and if we are not mistaken in supposing that the degree in which the fact of possession conduces to prove title, is regulated by concomitant circumstances, it cannot have been incorrect for the court below to permit the witness, introduced by Logan, to prove ⅞11 the circumstances which occurred at the time oLputting the tenant in possession.
In stating those circumstances, it is true, the witness detailed statements which were made by Logan himself; but as the statements were made by him at the time of taking the possession, they constituted part of the act of taking the possession; and, for the'purpose of proving the nature and true character of that act, were properly admitted as evidence by the court.
In Philips’s treatise on Evidence, 20 —2, it is said that where it is necessary, in the course of a cause, to enquire into the nature of a particular act, and the intention of the person who did it, proof of what the person said at the time of doing it, is admissible evidence for the purpose of shewing its true character. And in illustration of this general proposition, the author proceeds, and among others, gives the following examples: — Thus, says he, in an action by the assignees of a bankrupt, the bankrupt’s declarations at the time of absenting himself from home, are properly received in evidence to'Shew the natqre of his absence: and where the question was, whethertbe trader’s departure from his dwelling house amounted to an act of bankruptcy, the court of king’s bench were of opinion that the reasons which he gave of his absence, after bis return home, were admissible evidence in explanation of his own act.
The principle thus laid down by Philips, and recognised in the cases put in illustration, apply forcibly to the case now under consideration, and prove the propriety of per* *396 mitting the witness to state the declarations made by Ls-ga>¡ at the t;me he put the tenant in the possession of the tas.d. There a.-igh. have been atore mom to doubt of. the propriety of tbe >vidence, if the cuancm sutt through winch iht Steeles claim title bad been commenced before tbe urnt Logan pul the tenant in possession; but that suit appears not to have been commenced lor some years there-afiei, and Logan may not then have known that such a suit would be commenced.
ofwhi'ttrans-pir*s m their room, should not be ved on a rr tion for a new trial.
After t'ue jury bad found a verdict for Logan, tbe counsel for Steeles moved the court 'for a ntw trial, on the grounds—
1st. That the verdict was contrary to law and evidence:
2. That one of the jurors bed made up and expressed an opinion favorable to Logan, before be was sworn:
3. That the same juror, without being sworn to give evidence, and after tbe jury retired from the bar to consult of tbeir verdict, communicated material and important facts in relation to tbe matter in issue, to the rest of the jury.
The motion was, however, overruled, and ail tbe evir given on the trial, together with' tbe affidavits used 011 applica**on lor a new trial, spread upon the record. Whether, therefore, a new trial should have been award-
ed, is the remaining question for tbe determination of this
Tbe second and third ground relied on for a new trial, may be considered together; and their sufficiency to autho-rise the granting a new trial, turns, exclusively, on the competency of tbe affidavits of part of tbe jury to prove that another of the juiy, whilst consulting of their verdict, stated facts in relation to the matter in contest which ought properly to have been given in evidence at tbe bar, and in the presence of the court and parlies.
Thai any impropriety in tbe mode pursued by the jury, (such as tbe drawing lots for whom the verdict should be found) could not be proveo by tbe affidavits of any of Ibe jury on an application for a new trial, was conceded in argument; but a distinction was taken and attempted tobe maintained, between sucha case and the case now under consideration; and whilst all intention to disturb the doctrine conceded was disclaimed, it was urged, that the affi-davitsof the jurors were competent for the purpose of proving that, others of tbe jury, whilst consulting of their verdict, made statements which should only have been given *397 in evidence in the presence of the court acd tbe parlies to the contest.
fho* the court mar inc,lne a verdict, it should not, on that account, be set ⅜¾, side a ver, dict.itshould dence.
¡¡’ope, Haggiti, and Hardin far ap’lts, IVicklifJe for ap’lee.
The distinction token was not, however, attempted to be maintained by the production of any adjudged case; and after the most attentive research, this court has been unable to find any case supporting such a distinction. The only case we have met with, that seems to have a direct bearing on the question, is contained in 1 Hen. and Mun. Rep. 388; but that case, so far from maintaining the distinction taken in argument, is an authority directly in opposition toil, i'hat was an action of debt on a bond, and the trial was hod on an issue taken to the plea of payment. A new trial was then moved for, on the ground of two of the jury having been influenced to find for the plaintiff in consequence of another of the jury, whilst in the jury room, stating that he knew the testator of the defendant, and that be was so correct a man in his affairs, that he would have taken a receipt on the bond, if it had been paid. These facts were admitted as if proved by the affidavits of two of the jury; but it was held not to be sufficient to authorise a new ¡rial.
.Bui throwing out of view all adjudications, public policy forbids the introduction of the jurors’ affidavits to prove any thing which may have transpired in the jury room whilst consulting ot their verdict. To allow verdicts to be overturned by the evidence of jurors, would open a door for tampering with the jury, and might lead to consequences, in their .operation on judicial proceedings, of a very mischievous and pernicious character. To guard against such consequences, it is better the door should be at once closed against tbe introduction of the jurors as evidence to overturn their verdict.
It was, therefore, correct to refuse a new trial on the evi-deuce contained in the affidavit of the jurors in this case,
We are also of opinion that the first ground relied on, - - ‘ ° — contains no sufficient cause for awarding a new trial The evidence is of a character proper to be weighed and decided by the jury. !l is not enough to authorise a new trial on the ground of the verdict being against evidence, that the impressions of the court on the evidence may be different from that of tile jury, but the preponderance of evi dence should be clearly and palpably against the verdict. $uch is not. however, the present case.
The judgment must be affirmed with costs.