## Prudential Insurance Co. of America v. Bridgman.

(Decided Nov. 30, 1934.)

TYE, SILER, GILLIS & SILER for appellant.

T. B. CULTON for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

In this suit by the appellee against the appellant to recover on a group insurance policy issued by the appellant to the Louisville & Nashville Railroad Company to protect its employees against accidents and disabilities, the appellee recovered the full amount for which he sued. From that judgment, this appeal is prosecuted.

The appellee entered the employ of the Louisville & Nashville Railroad Company, hereinafter called the railroad company, as a boiler maker in its shops at Corbin, Ky., on May 8, 1924, and was continuously so employed up until December 8, 1931. During this period, the railroad company effected with the appellant group insurance for its employees and the appellee electing to come within such insurance plan signed an authorization card and received his individual certificate. The group policy provided, among other things, as follows:

"If the said employee, while less than sixty years of age, and while the insurance on the life of said employee under said policy is in full force and effect, shall become totally and permanently disabled or physically or mentally incapacitated to such an extent that he or she by reason of such disability or incapacity is rendered wholly, continuously and permanently unable to perform any work for any kind of compensation of financial value during the remainder of his or her lifetime, the amount of insurance payable at death from natural causes will be paid to said employee in monthly install-

ments during two years, the first installment to be
payable immediately upon receipt by the Company
of due proof of such disability or incapacity; in
accordance with the provisions of said Policy. The
disability benefits will be granted subject to cessa-
tion, in accordance with the provisions of the Policy,
should such disability or incapacity prove to be
temporary and not permanent. * * *''

It is the contention of the appellant that on De-
cember 8, 1931, the appellee was discharged by the rail-
road company on account of slackness of work. On the
other hand, it is the contention of the appellee that he
was not discharged, but due to the slackness of work he
was temporarily laid off and put upon what is known as
the extra board, and that he was the first man upon
this board which means that whenever any more help
was needed than was being used to take care of what
business the shops of the railroad company then had at
Corbin, the appellee would be called. Appellee further
contends that he continued on this extra board until
May, 1933, when he was for the first time called back to
work, but that before being put back to labor he was re-
quired by the railroad to take a medical examination
which disclosed the fact that he was totally and per-
manently disabled, that on this discovery the railroad
company declined to employ him further. It is in evi-
dence that the appellee while working at the shops re-
ceived injuries in the spring of 1931, and again in the
fall of that year, and that these injuries are the cause
of his present physical condition. It is his contention
that although he did work as a boiler maker up until
December 8, 1931, he had had great difficulty in doing so,
and that as a matter of fact when he was laid off on
December 8, 1931, he would not, as his medical testi-
mony now indicates, have been able to have continued
at his work but a few days more, and that his total and
permanent disability in fact dates from the month of
December, 1931. The evidence shows that on January
1, 1932, the railroad company and the insurance com-
pany changed, as they had a right to do, their group in-
surance plan, and that beginning with January 1, 1932,
the provision for total and permanent disability was
eliminated from the group insurance. The parties in-
troduced evidence to sustain their respective conten-
tions. There is no contradiction of the medical testi-
mony to the effect that appellee is now totally and per-

manently disabled, and that in the opinion of the doctors this condition existed in December, 1931.

As grounds for reversal, appellant argues that it was entitled to a peremptory instruction, first, on the ground that during the time appellant was employed he was not totally and permanently disabled because in fact and in truth he did work up to and including December 8, 1931, when he was discharged. However, it must not be forgotten that appellee contends that he was not discharged on December 8th, but only temporarily laid off, and that his name was placed on the extra board. As held in the case of Prudential Ins. Co. of America v. Sweet, 253 Ky. 643, 69 S. W. (2d) 748, a temporary lay off under this very group insurance policy here involved does not terminate the employment or the protection afforded by this group insurance. It was a question for the jury to say whether appellee's service with the railroad company was severed on December 8, 1931, or he was only temporarily laid off, and, if the latter, whether or not under the conflicting evidence his condition as testified to by the physicians in this case dated at least from the month of December, 1931, and while he was temporarily laid off, and before the change in the insurance plan in January, 1932, had been effected. The motion for a peremptory instruction was properly overruled.

Appellee made no claim under his insurance policy to the appellant until May, 1933, and it is contended by it that due to this delay the appellee is barred by his laches. Laches is not simply delay but delay that works injury. Trimble v. Kentucky River Coal Corp., 235 Ky. 301, 31 S. W. (2d) 367. There is no contention in this record that appellee's delay in asserting his claim had any bearing on the change of the insurance plan effected, and no showing whatever of injury to appellant or of any change of position by it because of appellee's delay in presenting his claim. There is no merit in this plea of laches, and the court did not err in declining to instruct upon that subject. Appellant is correct, however, that the judgment is erroneous in awarding the appellee the full amount for which he sued, with interest from May 25, 1933. The company was under no obligation under the terms of the policy above quoted to begin the payment of monthly installments until it had received due proof of the disability of appellee, and this was in May, 1933. The judgment should only have

been for the installments of the insurance which had accrued up to the date of the judgment since May, 1933, and interest thereon, and further requiring the appellant to pay the monthly installments thereafter as the months passed, subject to the right of the company to make application to the court to secure the termination of its liability for the payment of these future installments upon the appellant then establishing that the insured's condition of disability has changed from that presumed to continue for the policy period. It was distinctly so held that the judgment should so read in a suit on this very same group insurance policy in the case of Prudential Ins. Co. of America v. Hampton, 252 Ky. 145, 65 S. W. (2d) 980, 981. The judgment is reversed with instructions to enter a judgment in conformity with this opinion.