## Equitable Life Assur. Soc. of United States v. Yates.

Nov. 14, 1941.

310

William Marshall Bullitt, Eugene B. Cochran and Bruce & Bullitt for appellant.

Z. Wells for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Reversing.

Mrs. Edda Yates instituted this action as beneficiary to recover $2,000 on a certificate of life insurance issued to her husband, Gradie Yates, under a group policy insuring the employees of the Inland Steel Company. From the judgment entered in her favor on a verdict for the full amount of the certificate the insurance company appeals, insisting that the trial judge should have peremptorily instructed the jury to find for it.

The appellant issued a group policy to the steel company covering such of its employees as elected to take the insurance and each employee was issued a certificate under the master policy. The premium on the master policy was paid by the employer monthly in advance, and near the end of every month it deducted from each employee's wages his part of the premium due the succeeding month. The master policy, also the certificate issued each employee, provided that the insurance automatically ceased upon the termination of employment regardless of the causes of such termination; that if the employment terminated for any reason, the employee was entitled to receive a converted policy of life insurance in any one of the forms customarily issued by the insurance company (except term insurance) in an amount equal to his protection under the group insurance without further evidence of insurability upon application and the payment of the premium for such insurance within 31 days after the termination of the policy. The master policy under which the certificate was issued further provided the employer may elect that all employees temporarily laid off or given leave of absence or disabled or retired on pension shall be considered to be in the employment of the employer during such period.

Gradie Yates had been in the employment of the steel company since 1932 as a miner and had been insured under this group policy since Aug. 1, 1932. On May 6, 1936, he suffered a severe accident in the mine which resulted in the loss of an eye and a fractured skull. He returned to work on July 12, but was unable to operate his machine and was given lighter work at which he continued until July 25.

On account of his injuries Yates was receiving compensation under the Workmen's Compensation Act, Kentucky Statutes, Section 4880 et seq., and he made a request of his employer about the first of August for a lump sum settlement, telling E. R. Price, the superintendent, that he was quitting the mine and desired to buy a small farm. His request was granted and he was paid $1,139.28 in full settlement of his compensation claim either on Aug. 6th or Aug. 15th, the record not being clear as to which date. On Aug. 8th, he surrendered possession of the house to the company which he had been renting from it and paid his rent, also, his electric bill to the Company up to that date. Soon thereafter he bought a farm in Lawrence County to which he moved. On Sept. 22nd, Yates died and it appears his death was due to injuries he received on May 6th.

Not realizing Yates intended to terminate his employment the first of August, the employer deducted from Yates' wages his part of the August premium during the latter part of July and forwarded it to the insurance company. It was the custom of the employer to furnish the insurance company near the end of each month the names of the men whose employment had been terminated, and the list it furnished to the insurance company on Aug. 28th showed Yates' employment had terminated July 27th. When it developed the insurance company had received a monthly premium from a man whose employment had been terminated such unearned premium was returned to the employer. In this instance the insurance company subsequently returned to the employer the August premium paid for Yates, but the record shows the employer never returned it to Yates.

Yates' brother-in-law, Rufus Berry, testified that Yates told him after leaving the mine, "he was figuring on working back at the same place (the mine), * * * and I believe he told me that he still had his job." This testimony is self-serving hearsay, and the court erred in

not sustaining appellant's objection thereto. Appellee argues, as we understand it, that such testimony is competent as being part of the res gestæ of Yates' intention to resume work at the mine, citing Steele's Heirs v. James Logan, 3 A. K. Marsh. 394, 10 Ky. 394; Mutual Life Ins. Co. v. Louisville Trust Co., 207 Ky. 654, 269 S. W. 1014; 1 Jones on Evidence, 4th Ed., Sections 347 and 350, pages 639 and 645.

Neither of these authorities support such argument. The Mutual case holds that where the fact of a person's death has been established from absence, a letter written by him when he disappeared evidencing the intention of immediate suicide is admissible as part of the res gestæ to fix the time of his death. The Logan case holds that in dispossessing a tenant the declarations of the party at the time of doing the act are admissible as part of the act. The notes to the text in Jones on Evidence cite the Mutual case, and in Section 344, page 633 and 634, it is said that the declarations of conclusions or opinions, even if uttered under conditions authorizing their introduction if they were statements of facts, are not admissible as part of the res gestæ. Here there was no act by Yates for his words to be a part of and he was merely stating an opinion which was self-serving, hence his statement was not admissible.

With Berry's testimony excluded, the only evidence left to support appellee's contention that her husband did not terminate his employment, but was temporarily laid off or was given a leave of absence while disabled, is that of E. R. Price, the steel company's superintendent. He was called as a witness for appellee and testified that when Yates told him he was quitting the mine and wanted a lump sum settlement under the compensation act for his disability so he could retire to a farm, that he told Yates if he ever wanted to return to the mines he would give him a job. This falls far short of proof that Yates was given a temporary leave of absence, or was temporarily laid off. Here, Yates said it was his intention to quit mining and he wanted a lump sum settlement for his injury so that he could buy a farm. He surrendered his house to the company, settled all of his debts to it and moved to the farm. This conclusively shows he terminated his employment. There is not even a scintilla of evidence that Yates was temporarily leaving his job, but all the competent evi-

dence in this record shows he finally and completely terminated his employment with the steel company either on 'Aug. 8th or Aug. 15.

It cannot be doubted that the termination of Yates' employment terminated the policy. Equitable Life Assur. Soc. of United States v. Merlock, 253 Ky. 189, 69 S. W. (2d) 12; Equitable Life Assur. Soc. of United States v. Smith, 260 Ky. 56, 83 S. W. (2d) 885. But appellee bottoms her case on the theory that her husband had not terminated his employment but was temporarily laid off or given a leave of absence because of his injuries. She cites Aetna Life Ins. Co. v. Castle, 252 Ky. 228, 67 S. W. (2d) 17; Prudential Ins. Co. v. Sweet, 253 Ky. 643, 69 S. W. (2d) 748; Prudential Ins. Co. v. Bridgman, 256 Ky. 575, 76 S. W. (2d) 639, to the effect that a temporary lay-off does not terminate the employment so as to deprive an employee of the benefit of group insurance. But these authorities have no application here because in the instant case the evidence shows there was a complete termination of the employment.

In support of the rule that where there is ambiguity in an insurance policy the construction most favorable to the insured will be adopted, appellee cites Distad v. Aetna Casualty & Surety Co., 252 Ky. 326, 67 S. W. (2d) 24; Equitable Life Assur. Soc. v. Hall, 253 Ky. 450, 69 S. W. (2d) 977; General Accident Fire & Life Assur. Corp. v. Louisville Home Telephone Co., 175 Ky. 96, 193 S. W. 1031, L. R. A. 1917D, 952, and perhaps other like cases. But there is no ambiguity in this policy, hence this rule of construction has no place in this case.

It was not incumbent upon the employer to notify Yates the policy terminated when his employment terminated because the certificate issued Yates showed that fact. Appellee urges that as the policy provided Yates had 31 days after the termination of his employment to apply for regular life insurance and in which to pay the premium thereon, such provisions automatically extended the policy for 31 days. We have been cited to no case from this court where this provision has been construed and we have found none. However, courts in many other jurisdictions have said this identical provision did not extend the policy for 31 days to allow the employee to make up his mind as to whether he would convert his policy. This provision grants him an option to convert his policy which must be exercised within that

314

time. He is not insured between the termination of his certificate in the group policy and his exercise of· the option by the payment of the premium on the converted policy, and should he die in the 31-day interim there can be no recovery. Aetna Life Ins. Co. v. Carroll, 188 Ark. 154, 65 S. W. (2d) 25; Aetna Life Ins. Co. v. Catchings, 5 Cir., 75 F. (2d) 628; Duval v. Metropolitan Life Ins. Co., 82 N. H. 543, 136 A. 400, 50 A. L. R. 1276; Missouri State Life Ins. Co. v. Hinkle, 18 Tenn. App. 228, 74 S. W. (2d) 1082; Fearon v. Metropolitan Life Ins. Co., 138 Misc, 710, 246 N. Y. S. 701; Beecey v. Travelers' Ins. Co., 267 Mass. 135, 166 N. E. 571; Lewis v. Connecticut General Life Ins. Co., Tex. Civ. App., 94 S. W. (2d) 499. Also, see annotations in 105 A. L. R. 418-433.

Since Yates had terminated his employment and had not exercised his option to convert his group insurance into regular life insurance, appellant's motion for a directed verdict should have been sustained. Should there be another trial of the case and should the evidence be substantially the same as that shown in this record, the trial judge will direct a verdict in favor of the insurance company. All questions not decided herein are expressly reserved.

The judgment is reversed.

Whole Court sitting.