**JOHN HANCOCK MUT. LIFE INS. CO. OF BOSTON, MASS. v. COOPER.**

Court of Appeals of Kentucky.

May 22, 1951.

Glenn H. Stephens, Williamsburg, Marble & Vordenberg and Harry E. Marble, Cincinnati, Ohio, for appellant.

E. E. Siler, Williamsburg, for appellee.

CLAY, Commissioner.

In this suit on a group insurance policy, the jury returned a verdict for the beneficiary. The principal issue in the case is whether or not the deceased had terminated his employment prior to his death, and on this ground appellant insurance company insists it was entitled to a directed verdict.

The deceased was employed by the Dolly Madison Bakery at Cincinnati, and was paid wages on an hourly basis. On May 6, 1948, he quit work and went to the home of his family in Whitley County. On June 4, he accidentally met his death. He had not at any time after May 6 returned to work.

The insurance certificate given to the employee provided the insurance:

"shall cease automatically on the earliest of the following dates:

(a) the date of termination of his employment;

(b) the date of expiration of the period for which the last premium contribution is made by the Employees for such insurance * * *."

Appellee's claim is based on the theory that the insured man was on temporary leave of absence, and his employment had not terminated at the time he was killed. To prove this, his mother, the beneficiary, testified that he came home to attend the funeral of an eleven year old cousin; that while there his grandfather was taken sick and died about a week later. After his grandfather died, his father became nervous and sick, and he was asked to stay at home. The Court sustained an objection to her testimony that he had his things ready to pack to go back to work in Cincinnati at the time of the accident.

His brother, who worked for the same employer in Cincinnati, testified they both quit work on May 6 to attend the funeral of a cousin; that the deceased decided to

stay around home a while; and that he had left in a locker at his place of employment some paper caps and an apron or two. The brother himself returned to Cincinnati after the cousin's funeral, but went to work for another employer.

Appellee's counsel read to the jury a letter he had from appellant stating that the employee's certificate was terminated on May 6, 1948, for the reason quoted in the letter: "Last worked for that employer on May 6, 1948, when he took temporary leave * * *."

That was appellee's case.

Appellant introduced the following evidence. The night foreman under whom the deceased worked testified that the latter had given advance notice of his intention to leave his employment for the purpose of driving a truck at home for his father. The foreman reported this fact to the office of his employer, and after May 6 employed some one else to fill the job. The office manager made a record that the deceased had quit his employment on May 6. On May 15 the manager certified to the Ohio Bureau of Unemployment Compensation that the employment had terminated May 6, and the reason given was "to enter employment elsewhere."

The deceased was paid in full the wages due him at the time he left. At that time his weekly insurance premium was deducted, and no further insurance premiums were paid by him to the employer or paid on his behalf by the employer to appellant insurance company.

■ It is to be noted that group insurance is a form of term insurance, and if the employment of the deceased terminated on May 6, the term had ended.

■ It has been recognized by this Court that in certain cases (particularly where railroad employees are concerned) the employment is not necessarily terminated when the employee is temporarily laid off or is given a leave of absence. See Prudential Insurance Co. of America v. Sweet, 253 Ky. 643, 69 S.W.2d 748; Prudential Insurance Co. of America v. Bridgman, 256 Ky. 575, 76 S.W.2d 639; and Sun Life Assur. Co. of Canada v. Dalton, 302 Ky.

712, 196 S.W.2d 383. Assuming that principle governs this case (appellant insists the Ohio law is applicable), we are unable to find any evidence of substance that the deceased occupied such status at the time of his death.

Employment is a two party proposition. Even if appellee's evidence was sufficient (which we doubt) to establish that the deceased considered himself on a temporary leave of absence and actually did intend to return to his old job, the uncontradicted evidence of the employer (who incidentally has no interest in this controversy) establishes that it had not temporarily laid off the deceased, or granted him a leave of absence, or anticipated his return. According to the employer's records and as evidenced by its actions, the employment had, so far as it was concerned, completely terminated on May 6. There is not even a showing that the employer would have re-employed the deceased. Under such circumstances, the intention of the deceased to return, even if it had been proven, was not sufficient to have continued the employment relation.

■ The letter from appellant to appellee's counsel referring to "temporary leave" was simply a quotation from that attorney's own letter to appellant, and of course could not constitute an estoppel to deny liability.

■ Appellee further contends that if the employment terminated on May 6, the 31 day grace period for the payment of premiums granted to the employer in the policy extended the deceased's insurance. Assuming, without deciding, that an employee may take advantage of this grace period *for the payment of premiums,* it does not purport to and cannot be construed as extending the term of insurance. The group policy covered the employee as long as he was employed. Under the clear language of the contract, the insurance ceased when the employment terminated. The payment of premiums thereafter, or the waiver of such payment for 31 days, could not keep in force insurance which no longer existed.

It appears unnecessary to discuss the many Ohio cases cited by appellant, except

to say that they confirm the views hereinabove expressed.

In view of the conclusion we have reached, we need not consider the other grounds for reversal presented by appellant. A verdict should have been directed in its favor.

The judgment is reversed for consistent proceedings.